JEROME AYDELOTTE, *et al.*, V. JOHN S. BRITTAIN & Co., *et al.*

1. NUNC PRO TUNC ENTRY; *Evidence.* On the hearing of a motion for a *nunc pro tunc* entry, the question is, What order was in fact made at the time by the trial judge? And upon such question the minute on the judge's docket and the testimony of the trial judge are ordinarily controlling.

2. NUNC PRO TUNC ENTRY, *Properly Ordered.* Where, upon a stipulation signed by all the parties to an action, the judge orders a dismissal and makes a minute of such order upon his docket, and the next day and in the absence of some of the counsel in the case it is represented to him by other counsel that some of the parties to the action had not signed the stipulation for such dismissal, and thereupon on the strength of such representation he orders that the action be continued and leave given such supposed parties to plead, and makes on his docket a minute of such order immediately succeeding the prior minute, and neither order is entered upon the journal, and thereafter a motion is made for a *nunc pro tunc* entry on the journal, and upon the hearing of such motion it appears that all the parties to the action did in fact sign the stipulation for dismissal, and that the parties in whose behalf the second order had been obtained were not and had never been made parties, and that the order for continuance and leave to plead had been made upon a mistaken statement of fact, *held,* that the court did not err in ordering extended upon the journal the order of dismissal alone, and in refusing to so extend the order for continuance and leave to plead.

3. ORDER OF DISMISSAL, *When not Set Aside.* Where a constable with an execution levies upon personal property, and thereafter an action of replevin is instituted against him to recover the possession of such property, and no application is made for a substitution of the plaintiff in the execution as a party defendant, and the constable signs a stipulation for the dismissal of the action against him, and in pursuance thereof the action is in fact dismissed, *held,* that such order of dismissal is *prima facie* correct, and will not be set aside upon the mere showing that the plaintiff in the execution had not signed the stipulation or consented to the dismissal.

### *Error from Rooks District Court.*

AT the September Term, 1881, of the district court, *John S. Brittain & Co.* and others obtained certain rulings and orders, which *Aydelotte* and others bring here for review. The opinion states the facts.

*McNulty & Johnston, C. W. Smith,* and *M. C. Reville,* for plaintiffs in error.

*W. C. Don Carlos & Son,* and *Judson & Motter,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The record in this case is complicated, and it has puzzled us not a little to get at the exact facts. We think,

however, that two questions are presented, upon which hangs the decision of this case. In order to understand these ques-

<span class="margin-note">Statement of facts.</span> tions, a brief statement of the facts is necessary. In January, 1880, one John W. Larimer, in Rooks county, was in failing circumstances. To secure certain creditors, he executed a chattel mortgage. Thereafter, certain other creditors brought suit and obtained judgments before a justice of the peace, and upon executions thereon levied upon the goods. The mortgagees then brought replevin. At the same time, certain other actions were pending against the mortgagor. On the 25th of May, while these various suits were pending, the following stipulation was made and entered into:

"Know all men by these presents, that whereas there are divers matters of dispute between the undersigned, and divers suits now pending between the undersigned in the district court of the county of Rooks and State of Kansas; and whereas it is desired to avoid the expense of further litigation, it is hereby agreed that all of said suits be dismissed by the several plaintiffs named in each, and that all right of action in any attachment or replevin bond therein filed be and the same is hereby waived and surrendered. That the ownership of all property heretofore in dispute is confirmed in the present possessors thereof; that it be and is hereby submitted to David M. Johnson, Esq., and W. C. Don Carlos, Esq., to arbitrate and settle the following questions in dispute, to wit:

" *First:* Who shall pay the cost in each particular action now pending in said court between the undersigned or any of them.

" *Second:* Whether any money is due Joseph McNulty for the value of goods claimed by him and sold by the creditors of J. W. Larimer, and if there is, how much, and how it shall be paid?

" *Third:* Whether, in consideration of the release by the creditors of J. W. Larimer, secured by his mortgage bearing date the 10th day of December, 1879, of the balance of their respective claims against him, the proceeds of the sale of the property mortgaged should be divided between all the creditors of the said Larimer who will agree to release him after paying all of the costs and expenses of collecting the same and settling said suits, or should be only distributed among the creditors named in said mortgage?

And it is further stipulated and agreed, that upon the decision of these questions, and the execution of the awards of said arbitrators, all matters of disagreement between the parties hereto shall be settled. And it is further stipulated and agreed, that said arbitrators may proceed forthwith to a hearing and a determination of the questions herein and hereby submitted to them, without any notice to the parties hereto; and in case of any disagreement between themselves, they may submit any matter of dispute between themselves to a third person, to be chosen by themselves, who shall decide such matters of dispute between them.

(Signed)     J. W. LARIMER,
JOSEPH MCNULTY,
JOHN S. BRITTAIN,
JOHN D. RICHARDSON,
CHARLES S. KEMPER,
GEORGE C. SMITH,
*Partners as John S. Brittain & Co.*

HIRAM PATTERSON,
CHAS. W. NOYES, and
W. S. NORMAN,
*Partners as Patterson, Noyes & Co.*

JULIUS KUHN,
THOMAS J. SHAY, and
LOUIS J. KILDORF,
*Partners as Shay, Kildorf & Co.*

QUIGG & ALLEN,
A. B. SYMNS, and
T. F. VANNATTA,
*Partners as Symns, Turner & Co.*

JOHN SHAW,
MARVIN RANDALL,
S. S. BOGGS,
ALFRED REED,
L. J. KEENEY,
M. J. KEENEY,
L. P. BIRCHFIELD,
By Judson & Motter, Atty's.
L. C. Smith, Att'y.
A. L. Patchin, Att'y.
Chas. C. Woods, Att'y.
JEROME AYDELOTTE.
W. E. MCDUFFEY."

Thereupon the arbitrators named proceeded to an arbitration, and made the following award:

"STATE OF KANSAS, ROOKS COUNTY. In the matter of the reference of the issues and differences between the parties named in the attached agreement of reference to Messrs. D. M. Johnson and W. C. Don Carlos, referees, for their determination and adjustment:

"David M. Johnson and W. C. Don Carlos, referees above named, do find that the costs in the case of Joseph McNulty against L. P. Birchfield, and against John Shaw and Keeney and wife, shall be paid by the defendants, and that each party in all the other cases shall pay the costs that he or they have made or caused to be made.

"*Second.* We find that Joseph McNulty is justly entitled to the sum of one hundred and fourteen dollars and one cent, for the value of the goods claimed by him and sold by the creditors of J. W. Larimer, and to be by them paid to the said Joseph McNulty.

"*Third.* We find and recommend that the proceeds of the sale of the property mortgaged by the said J. W. Larimer to certain of his creditors therein named, shall be retained by the said mortgagees, and divided by them *pro rata*, according to their respective claims, and that they, the said mortgagees, shall give to the said J. W. Larimer full acquittance for their respective claims.

(Signed)        D. M. JOHNSON.
"May 25, 1880.        WM. C. DON CARLOS."

Which stipulation and award were taken to the district court, and filed in this suit. Thereupon the court, Judge Holt presiding, rendered a judgment in open court, dismissing this suit as per stipulation and award, and made the following entry on the judge's docket:

"Dismissed by plaintiff, each party paying his own costs. A full release for all claims for damages, upon replevin bond. Stipulation on file."

Immediately thereafter on the judge's docket, there appears as a part of the same entry, these words:

"E. D. Frost, Samuel Larimer, R. L. McDonald & Co., *et al.* Allowed sixty days in which to answer. Plaintiffs or co-defendants allowed thirty days thereafter to plead thereto, and this case continued."

No entry of any order suggested by these minutes was placed upon the journal. Thereafter, Judge Holt's term having expired, and he having been succeeded by Judge Nellis, application was made for a *nunc pro tunc* entry on the journal, and the first question is as to the entry which properly should have been made.

1. Nunc pro tunc entry; evidence.

It is obvious that this minute as made by Judge Holt is apparently contradictory; part of it indicates a dismissal and determination of the case; part of it contemplates a further continuation of the proceedings. On the hearing of the motion for the *nunc pro tunc* entry, the affidavit of Judge Holt was read, in which he stated in substance that this stipulation and award were submitted to him for his judgment upon one day, and that thereupon he ordered the dismissal as per stipulation, and made the first part of the minute above referred to; that the next morning, and after some of the counsel had left the city, one of the counsel now appearing for plaintiffs in error came into court, and stated that he represented parties who were defendants in said action and who had never signed such stipulation; and thereupon, considering that parties who had not signed such stipulation were not bound by its terms, he made the orders of the second part above referred to; and that if the statement that they were parties to the suit was not correct, such subsequent orders were made under a mistake of fact, and being made in a suit already dismissed, were nullities. The district court, Judge Nellis presiding, found in accordance with the statements of Judge Holt, and directed an entry on the journal dismissing the action as per the stipulation; and whether this ruling was correct, is the first question presented. Sundry affidavits were presented on both sides of this motion; several of them to the effect that immediately upon the filing of the stipulation and award, the counsel for the present plaintiffs in error arose and insisted upon their clients' rights, and demanded an opportunity of being heard; and thereupon the court ordered, as indicated in the last part of the minute. As a matter of fact, the present plaintiffs in error had not theretofore been made parties to the

record. They were respectively plaintiffs to the action in which Aydelotte, as constable, held process. They never had been substituted for him; he on the face of the record was the single adverse party, representing, it is true, their interests, but nevertheless the single party to the record. Now while possibly the memory of Judge Holt may have been at fault as to the order and the time in which these transactions took place, we cannot think that the court erred in accepting his statement as correct. As a question of fact, and looking simply to the affidavits, it may be doubtful whose recollection is the better; and being a doubtful question, the finding of the trial court concludes us.

Again, the order in which the entries are made on the judge's docket, indicates that the dismissal preceded the attempted leave to plead. Further, the plaintiffs in error had never been made parties to the record, and until so made were entitled to no orders in the case; so that we think it fair to hold that the district court committed no error in ordering spread upon the journal a *nunc pro tunc* entry of the dismissal of the case.

2. Entry properly ordered.

Further, it may be noticed that the stipulation for dismissal was signed by all the parties who were at the time parties to the record; and this brings us to the second question, and that is, How far the action of the constable in signing this stipulation concludes those who were plaintiffs in the actions in which he held the process? The answer to this question must be, that his action is conclusive so far as the termination of the present suit is concerned. Counsel say that he had no interest in the property — was merely a nominal party, and could take no action prejudicial to the rights of the real parties in interest. It is true he had no personal ownership, and was acting in a representative capacity; but he had the possession of the goods, and the question was as to his right of possession. He was the sole party to the record, so far at least as this interest is concerned. The statute authorized the substitution of the plaintiffs to the execution as parties to the action; but they had not availed themselves of this right. Apparently they

were willing to intrust him with the management of their interests and the control of their rights. He could then make a valid agreement for the dismissal of the action against him. This is what he did, and we think that concludes the present litigation. Of course we decide nothing as to how far his action in this respect exposes him to personal liabilities to the plaintiffs in those executions. If they did not authorize his action, and it was prejudicial to their interests, he may be responsible to them in damages. Neither do we hold that the trial court might not after the signing of such stipulation, upon satisfactory showing by the plaintiffs in the execution, refuse to recognize and enforce it because prejudicial to their rights, and might not also, substituting them as parties, intrust them with future control of the case; but nothing of that kind arises in this case. Though several months intervened between the commencement of the suit and the order of dismissal, they did not apply for any substitution, but permitted the constable to remain as the party defendant. After he had signed the stipulation for dismissal, and after the action had in fact been dismissed, they come into court, and not upon the plea that the action of the constable was unauthorized by them, or was prejudicial to their interests, but upon the single and mistaken claim that they were parties to the action, obtain an order for continuance and leave to plead. We conclude that the constable had power to sign such a stipulation, that the court might legally act upon it, and that no showing was made sufficient to compel the court to set aside this action. The ruling of the district court in that respect must be sustained. In conclusion, we may add, that we do not wish to be understood as holding that a constable has absolute power in a case of this kind as to the control and disposition of the suit. We simply hold that under the circumstances of this case, the trial court did not err in holding the action of the constable binding and conclusive. The decision of these two questions disposes of the case, and compels an affirmance of the judgment. It is true that at subsequent terms certain motions, applications and

3. Order of dismissal, when not set aside.

proceedings were made ánd had, but we think none of them sufficient to justify any interference in the conclusion we have thus reached. The judgment will· be affirmed.

All the Justices concurring.