# WILLIAM MARTINDALE V. R. T. BATTEY *et al.*

No. 14,476.    (84 Pac. 527.)

### SYLLABUS BY THE COURT.

1. JUDGMENT — *On the Sustaining of a Demurrer — Final Determination.* A judgment for the defendant upon the sustaining of a demurrer to a petition is a final determination of the action, and until such judgment is set aside no further proceedings can be had therein looking to a trial of the issues between the parties.

2. ——— *Power to Set Aside.* After the expiration of the term at which a judgment is rendered the court has no power to set it aside because of its being based on an erroneous ruling.

3. PRACTICE, DISTRICT COURT — *Amendment of the Record.* Where a demurrer which attacks a petition upon several grounds is sustained upon one of them, and a judgment for defendant is thereupon rendered, but the record then made shows only that the demurrer was sustained, without indicating upon what ground, the court may at a subsequent term cause the record to be amended so as to state upon what ground the demurrer was sustained, provided the fact be established by clear and satisfactory proof, which need not, however, be founded upon any record, memorandum or other writing.

4. ——— *Separate Petitions Not to be Filed after Final Judgment on Sustaining Demurrer for Misjoinder.* A demurrer was filed to a petition on several grounds, including misjoinder and want of facts, and a record was made showing that the demurrer was sustained but not indicating upon what ground; a judgment for defendant was rendered which was affirmed by this court for the reason that the petition contained two causes of action which were improperly joined; at a subsequent term of the district court the plaintiff asked that the record be amended to show that the demurrer was in fact sustained upon the sole ground that the petition failed to state facts sufficient to constitute a cause of action, and also that he be permitted to file separate petitions and proceed with the prosecution of the two causes. *Held,* that while the plaintiff was entitled to have the record amended so as to show the fact in regard to the ruling actually made, the court had no power to permit the filing of separate petitions.

Martindale v. Battey.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed February 10, 1906. Modified.

*Rossington & Smith, J. S. West,* and *Garver & Larimer,* for plaintiff in error, and cross-petitioner in error George C. Rankin, receiver.

*Frank Doster, Ferry & Doran,* and *Gleed, Ware & Gleed,* for defendants in error Battey, Lambert, and Hood.

The opinion of the court was delivered by

MASON, J.:  William Martindale brought an action against several defendants, who demurred to the petition as finally amended, the demurrer being based upon several grounds, including the misjoinder of causes of action and the failure to state facts sufficient to constitute a cause of action.  The court sustained the demurrer and rendered final judgment for the defendants.  The record then made of these proceedings merely showed that the demurrer was sustained, without indicating upon what ground that ruling was based.  The plaintiff prosecuted error to this court, where it was held that two causes of action were improperly joined in the amended petition against which the demurrer was directed, and that therefore no error appeared, and the judgment of the district court was accordingly affirmed.  (*Benson v. Battey,* 70 Kan. 288, 78 Pac. 844.)

Thereafter the plaintiff represented to the district court that the ruling sustaining the demurrer had been made upon the ground that the amended petition failed to state facts sufficient to constitute a cause of action, and not upon the ground that two causes of action were improperly joined, and that the court had so announced at the time the decision was made, although the journal entry was silent on the subject.  He therefore asked that the record be amended to show the full facts regarding the ruling, and that thereupon he

should be permitted to file separate petitions setting out his several causes of action, and to proceed without further service, in accordance with the practice where a demurrer is sustained upon the ground of misjoinder. (Gen. Stat. 1901, § 4526.) The court denied both applications, and the plaintiff again prosecutes error.

As the important relief sought by plaintiff in error is that he be allowed to keep his action in court by the filing of separate petitions, and the request for the amendment to the record is only incidental to this, we shall for the purpose of considering the situation which would then be presented assume for the present that he was entitled to have the journal entry corrected so as to show what had really taken place, and treat the case as though the district court had actually permitted the record to be amended. The question so presented is this: Could the court then by any order it had jurisdiction to make allow the filing of separate petitions, and proceed with the trial of the cause or causes? The plaintiff in error contends that this question should be answered in the affirmative. In support of this view it is argued with much plausibility that as the district court based its decision upon the ground that no cause of action whatever was stated in the amended petition, and the supreme court held on the contrary that two complete causes were stated, the plaintiff never by any possibility could have had an opportunity to exercise his statutory right of filing separate petitions until after the affirmance of the judgment, and that if it must be held that it was then too late for such action on his part the practical effect of the ruling is to deny him the benefit of the statute altogether.

Notwithstanding the obvious hardship that results we must hold that the district court rightly decided that it had no power to proceed further in the case, for the reason that a final judgment had been rendered. So long as this judgment stood it was an abso-

lute bar to any further proceedings in the nature of a trial of the issues between the parties, and as the term at which it had been rendered had expired it could only be vacated in accordance with some procedure pointed out by the code. (*Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224.) No question is here involved as to the effect of the judgment as an adjudication if pleaded in any subsequent action between the parties, but so far as concerned that particular action the judgment rendered for the defendants was a finality, unless it should be set aside for some sufficient reason in a manner provided by law.

It is to be observed that what this court decided at the previous hearing in this case (and the only thing it could have decided) was not that the ruling of the trial court in sustaining the demurrer was necessarily correct, but that it could not be said from the record presented here that the ruling was erroneous. The judgment sought to be reversed was based upon an order sustaining a demurrer which included several grounds, and the case-made did not disclose upon which of these grounds the district court in fact acted. This situation compelled an affirmance of the judgment if any one of the grounds set out in the demurrer was well founded. (*New v. Smith,* 68 Kan. 807, 74 Pac. 610.) It now appears, from the showing made by the plaintiff upon his application for an order amending the journal entry, that the district court in fact erred in sustaining the demurrer, since it did so upon a ground which this court has held to be untenable. The judgment founded upon this ruling was therefore erroneous. But it was not on that account void. The error could be taken advantage of only by proceedings in the supreme court. If not challenged by this method it became final, and was as binding upon the parties as any other judgment could be. For all practical purposes it was not so challenged. While the defeated party filed a petition in error in this court, he omitted to incorporate in the case-made which he

brought here a showing of the error that was in fact committed, and his appeal was consequently ineffectual. The plaintiff, having failed to have the error corrected in the way provided by the statute, is beyond the relief of the district court or any other tribunal. The district court has no power to set aside its own judgment at a term subsequent to that at which it was rendered merely because it is shown that it was based upon an erroneous ruling.

Considering the record as having been amended in accordance with plaintiff's request, this situation is presented: The demurrer to the petition has not been sustained on the ground of misjoinder, but the ruling of the district court sustaining the demurrer has been affirmed by this court for the reason that the petition was held to be in fact defective on that ground, and because, so far as could then be learned from the record, the ruling complained of might have been based upon that consideration. Inasmuch as the demurrer has not been sustained for misjoinder no occasion has arisen for applying the statute permitting the filing of separate petitions in such a case. To have the effect desired by the plaintiff the amendment would have to be treated as though it had been properly incorporated in the record accompanying the first petition in error, and as though this court, as it must then have done, had reversed the judgment of the district court for error in holding that the petition failed to state facts sufficient to constitute a cause of action, but had directed that the demurrer be sustained for misjoinder of causes of action. Under such circumstances the plaintiff, upon the mandate's being complied with, would of course have the opportunity to proceed further by filing separate petitions. It is not possible, however, to give to the amendment any such far-reaching effect, or to permit it upon any theory of relation to change the character of the order which was actually made in the determination of the first pro-

ceeding in error, and which left the judgment of the district court undisturbed.

The judgment of the district court was not, as is assumed by counsel for plaintiff in error, a judgment declaring that the petition contained two causes of action which did not admit of being prosecuted together. This declaration, if the demurrer had been sustained on that ground, would have been involved in such ruling and would have preceded the judgment. A general judgment for the defendant necessarily follows the sustaining of a demurrer to a petition, whatever may be the ground, where no request is made for leave to amend or to file separate petitions. The judgment in this instance was expressed to be "that neither said plaintiff nor said defendants nor any of them recover of and from said defendants Calvin Hood, I. E. Lambert, or R. T. Battey, or either of them, and that the said defendants [naming them] are entitled to their costs in this action, taxed at $——, for which judgment is hereby rendered." This was equivalent to the formula that the plaintiff take nothing by his action, or that the defendants go hence without day. It was a final determination of the cause against the plaintiff. (1 Black, Judg. §§ 13, 29.) It was entered as it was made, and neither the substance nor the record of it is now subject to amendment.

These considerations doubtless dispose of the substantial controversy involved in this proceeding. But as the plaintiff assigns as error the action of the district court in refusing to permit the record to be amended so as to show the ground upon which the demurrer was sustained, it is perhaps necessary to decide the question so raised. It is a general rule that the record of a judgment may be corrected so as to speak the truth, even after the expiration of the term at which it was rendered. (17 Encyc. Pl. & Pr. 920.) There are cases holding that this should be done only when some record or memorandum has been

preserved which may serve as the basis of such amendment, but there are also decisions to the contrary. (17 Encyc. Pl. & Pr. 931.) The question presented upon an application for an amendment to the record is one of fact. The change should be allowed only where the proof in support of the application is clear and convincing. But where it is satisfactorily established that the requisite facts exist we think relief should not be denied merely because the evidence rests entirely in parol.

No reason is perceived why the amendment asked for in this case might not be permitted. The original record was correct so far as it went, but it failed to show fully what the action of the court had been. It is not apparent that any benefit can now result to the plaintiff by making the recital more specific, yet it would seem to be the right of either party to have the journal show just what ruling was in fact made. The case is not one of an amendment being asked in order that the record might show the reasons that actuated the judge in reaching a decision. The proposed addition to the record is designed to show what in fact was decided. A demurrer which presents various grounds of objection to a petition partakes of the nature of several separate pleadings, and a ruling sustaining it upon one ground and overruling it upon others is tantamount to a ruling upon each of a number of different motions. A statement that such a demurrer is sustained does not tell the whole story. If for any reason the plaintiff prefers that the recital of the acts of the court upon the journal shall be completed we think he has the right to an order to that effect. We do not understand that there is any dispute as to what actually took place at the time the demurrer was ruled upon, or that it is seriously questioned that the evidence offered by the plaintiff was sufficient to establish his claim in that regard.

The order will therefore be that the rulings of the

trial court are affirmed, except as to the refusal to permit the amendment of the record.   As to this feature of the case the cause is remanded, with directions to permit such amendment.

All the Justices concurring.

GRAVES, J., not sitting.