MARY GRADEN, *Appellee,* v. FREDERICK MAIS *et ux.,*
*Appellants.*

No. 16,694.

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Nunc Pro Tunc Entry—Time—Evidence.* Where
an order is made by a probate court, and through accident,
mistake or neglect is not entered on the records, it is competent
for the court to enter such order *nunc pro tunc,* even after the
lapse of considerable time, and upon any satisfactory evidence,
parol as well as written.

2. ———— *Same.* Lapse of time may call for closer scrutiny
and stronger testimony showing that the order was in fact
made and as to the nature and extent of the ruling, and also as
to the effect the belated entry may have upon third parties; but
when it is made by a court having the power to do so it must be
respected and enforced the same as if it had been entered
when it was made.

Appeal from Ellis district court. Opinion filed December 10, 1910. Reversed.

*A. Gilkeson,* for the appellants.

*W. E. Saum,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A point of controversy in an action
of ejectment between the appellee and the appellants
is the validity of an administrator's deed. In an earlier
appeal it was determined that a preliminary order of
the probate judge requiring notice of the time and place
of hearing an application to sell land and prescribing
the length of time and the manner in which notice
should be given is essential to the validity of the notice,
and that as the record of the probate court failed to
show such an order the notice and the deed based
thereon could not be upheld. (*Graden v. Mais,* 77 Kan.
702.) Some time after the case had been remanded for
a new trial steps were taken in the probate court to

have the order mentioned entered *nunc pro tunc,* it being claimed that the order had actually been made at the proper time and that there was a failure to make it a matter of record. When this cause came up for a new trial appellants undertook to prove the *nunc pro tunc* entry of the order, and while it was shown that a hearing for that purpose had been had in the probate court, the probate judge had not at that time actually made an entry of the order. He appeared to be satisfied by the testimony taken at the hearing that the entry should be made if the notice of the proposed correction of the record had been given, but deferred the making of the entry until satisfied that a certain notice had reached the appellee. The trial court excluded the testimony of the proceedings in the probate court, but made his ruling on the assumption that the probate judge had made his decision and had actually made a *nunc pro tunc* entry of the required order. It appeared on the motion for a new trial that in the meantime the probate judge had completed the record and made a *nunc pro tunc* entry of the order. Proceeding on the theory that the record could not be corrected or completed at that late date by parol testimony, the court held the administrator's deed to be invalid.

If the trial court had made its ruling excluding testimony on the ground that there was no proof of the necessary order, and not on the assumption that the probate court had entered the order, the ruling must have been upheld, upon the ground that there was not at that time a record entry of the required order. The fact that the court decided the case on the assumption that the probate court had entered the order may have prevented the appellants from procuring a postponement of the trial long enough to enable them to obtain the completion and correction of the record in the probate court. Counsel for appellants appears to have understood that the probate court had already decided in their favor, and, as we have seen, that officer did com-

plete the record and make a *nunc pro tunc* entry of the order before the motion for a new trial was heard. Assuming, then, as the district court did, that the entry had been made in the records of the probate court, its decision excluding parol proof of the entry can not be upheld. The contention is that if there is no written order among the files of the probate court and no written evidence that such an order was made there is no basis for a *nunc pro tunc* entry, and that a correction can not be made on parol proof. While there are authorities holding that evidence to justify the entry of a judgment or order *nunc pro tunc* must be record or written evidence (23 Cyc. 835), it is not the rule in this and many other states. In *Aydelotte v. Brittain & Co.,* 29 Kan. 98, the testimony of a former judge was accepted as a basis for a *nunc pro tunc* entry of an order. In *Martindale v. Battey,* 73 Kan. 92, it was held that an entry may be supplied or corrected and made to conform to the order or judgment actually rendered after the expiration of the term at which it was rendered, and upon any satisfactory evidence, parol as well as written. It is important that in all such cases the court shall be well assured that the ruling proposed to be entered is one that was actually made. In the case last cited it was said:

"The change should be allowed only where the proof in support of the application is clear and convincing. But where it is satisfactorily established that the requisite facts exist we think relief should not be denied merely because the evidence rests entirely in parol." (p. 98.)

In making the entry the court does not review or rectify an order previously made, but only places on the record some ruling or act of the court which through accident, mistake or neglect was not carried into the record. The probate court, which made the order, is a court of record, and it retained jurisdiction

over its records, with power to complete or correct them.

"A court of record has an inherent power over its own records which includes the authority to require the correction of any errors that may creep into them. This power is not lost by lapse of time or the expiration of a term of court." (*Christisen v. Bartlett,* 73 Kan. 401, 406.)

Lapse of time may call for closer scrutiny and stronger testimony showing that the order was in fact made and as to the nature and extent of the ruling, and also as to the effect the belated entry may have upon third parties; but when it is made by a court having the power to do so it must be respected and enforced the same as if it had been entered when it was made. Treating the order as having been entered by the probate court, it, as well as the notice and the administrator's deed, was competent evidence which should have been received; and as this entry practically settled the controverted question in the case the ruling here is that the judgment of the district court be reversed and the cause remanded, with directions to enter judgment in favor of the appellants.