JOHN PLUMMER, *Appellee*, v. CHARLES ASH et al.
(CHARLES E. GIBSON, *Appellant*).

No. 18,277.

SYLLABUS BY THE COURT.

1. MOTION—*For Nunc pro Tunc Order—May be Made by Party in Interest.* A grantee of a party in whose favor the title to land has been adjudicated may maintain a motion in his own name to have the judgment entered *nunc pro tunc* if an entry of the judgment has not been made.

2. QUIETING TITLE—*Publication Service—Appearance by Attorney—Judgment Final.* Where the court obtains jurisdiction by constructive service in an action to quiet title, and an answer is filed for a nonresident defendant, and the issue of title is tried without objection and judgment rendered against the plaintiff, he can not defeat a motion for an entry of the judgment *nunc pro tunc*, made five years afterwards, by merely showing that the defendant did not authorize the appearance of the attorney.

3. QUIETING TITLE—*Unauthorized Appearance of Attorney May be Ratified.* The defendant after learning that an appearance had been made for her without her knowledge or consent might have ratified it and thereby would have been entitled to all its benefits although she had not authorized it. Her grantee may also ratify it so far as necessary to protect his interest in the land conveyed to him and affected by the judgment, in the absence of any previous repudiation by her of the unauthorized appearance.

Appeal from Stanton district court. Opinion filed June 7, 1913. Reversed.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellant.

*George Getty,* of Syracuse, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from an order denying a motion for judgment *nunc pro tunc* in an action to quiet the title to several tracts of land. Service was made by publication against Anna F. R. Coffin, a nonresident. An attorney appeared and filed an answer for her. The case was tried in regular course of practice, and upon the issues relating to the tract in question here a judgment was rendered on April 10, 1906, against the plaintiff in favor of defendant Coffin, setting aside a tax deed under which the plaintiff claimed title and giving to him a lien for taxes as provided by law, and awarding execution unless paid in thirty days. The judgment was never entered on the journal, but a memorandum of it was entered on the trial docket by the judge.

Before the hearing upon this motion the plaintiff filed a motion to strike the motion just referred to from the files, on the ground that the judgment referred to was unauthorized and void because the attorney who had appeared for Mrs. Coffin had no authority to do so. The two motions were heard together. The motion for

judgment was overruled and the motion to strike it from the files was sustained.

The following facts appeared from the evidence on the hearing of the motions. Service by publication was made on Mrs. Coffin. The answer filed for her alleged that she was the owner of the land in fee simple and entitled to the possession; that plaintiff had no title thereto except under a tax deed void and illegal because of various defects set out in the answer; alleging that the tax deed was a cloud upon her title, and praying that it be set aside, and the plaintiff barred from any claim, interest or title in the land. The attorney so appearing for Mrs. Coffin was not authorized to do so, and she had no actual knowledge of such appearance until after October 5, 1907. On that day she conveyed the land to Charles E. Gibson, who, on August 20, 1911, filed the motion for judgment *nunc pro tunc*. The former judge, who had presided at the trial in which the judgment was rendered and in whose handwriting the minutes appear, was examined as a witness and testified to their correctness, and that the judgment was rendered as stated above.

Various reasons are assigned in support of the ruling complained of. It is said that the failure to record the judgment was not because of any accident, mistake, neglect or omission of the clerk. The evidence does not show the cause of the omission, but having shown the rendition of the judgment, the failure to record it appears to have been through accident or mistake of the clerk, for it was his duty to make the record. (Civ. Code, §§ 412, 729, 731.) It is suggested that it was the practice for an attorney who obtained a judgment to prepare a form of entry for the clerk, but this did not relieve that officer from the discharge of his public duty. Besides, in this case the judgment was in favor of both parties, for the plaintiff obtained a lien for his taxes, and his attorney could, under the

practice referred to, prepare the form as well as the defendant's attorney.

Another reason suggested is that the entry of the judgment now would not be in furtherance of justice. This is not apparent.   There was a regular trial and a judgment was duly rendered.   By that judgment Mrs. Coffin's title was established and subject only to the tax lien adjudged in favor of the plaintiff.   Afterwards she deeded the land to Gibson.   This deed conveyed all her interest in the land, including whatever interest accrued to her by the judgment.   It must be remembered that no questions concerning possible interests of third parties acquired from the plaintiff, in the absence of a record of the judgment, are presented. The controversy here is between the plaintiff, who had his day in court, and the grantee of the defendant, who has succeeded to her rights.   Another reason offered in support of the ruling is that such a motion could only be made by Mrs. Coffin.   Perhaps it might have been made in her name, but that would have been a matter of form only.   After the conveyance Gibson was the real party in interest, and had the right to move for the entry of judgment.   The motion might be made by any party interested.   (Civ. Code, § 556; 18 Encyc. Pl. & Pr. 470; 1 Freeman on Judgments, 4th ed., § 64; *Reid v. Morton,* 119 Ill. 118, 6 N. E. 414; *In re Cook,* 77 Cal. 220, 19 Pac. 431.)

In *Rush v. Rush,* 97 Tenn. 279, 37 S. W. 13, it was held that the grantees of land in a deed made by a man who had obtained a divorce could maintain a petition for the entry *nunc pro tunc* of the decree of divorce as against the former wife, who claimed a homestead right in the land.

Another ground urged in support of the order, and the one upon which the court made it, as appears from recitals in the journal, is that the judgment pronounced, but not entered, is void because the attorney

who appeared for Mrs. Coffin had no authority to appear in her behalf. The situation was this. The court had jurisdiction of the parties, including Mrs. Coffin, by regular constructive service. After due publication an answer was filed for her by an attorney of the court, an issue was joined upon the petition and this answer, and was tried without objection and without questioning the right of the attorney to appear for the defendant. The party for whom he appeared has never repudiated his acts. After notice of the appearance made in her behalf she might have ratified it, and she would thereby have been entitled to all the benefits of the judgment. (*Dresser v. Wood,* 15 Kan. 344.) No reason is suggested why her grantee, to whom she conveyed the subject of the action, may not also ratify it so far as his interests in the land are concerned, in the absence of any previous repudiation by her. The plaintiff, after enjoying all the benefits of the trial of an issue tendered by himself, can not question the right of an attorney appearing for the adverse party to meet and defend the issue. It is true that the plaintiff had that right before the trial. (Gen. Stat. 1909, § 434.) But he can not after judgment have another trial of the issue on that ground alone where the adverse party has raised no such question.

It is argued that the judgment is wholly void for want of jurisdiction, but this is not true. The court had acquired jurisdiction by service before the answer was filed.

Authorities are cited to support the rule contended for by the appellant that it is the duty of the court to see that its journals speak the truth, and contain a fair record of its proceedings, whether valid or not. It was held, in *Aydelotte v. Brittain & Co.,* 29 Kan. 98:

"On the hearing of a motion for a *nunc pro tunc* entry, the question is, What order was in fact made at the time by the trial judge? And upon such question

the minute on the judge's docket and the testimony of the trial judge are ordinarily controlling." (Syl. ¶ 1.)

Whether this rule should be applied in every case, without exception, need not now be decided. Upon the undisputed facts of this case it should be applied here and the judgment should be entered as it was rendered.

It is suggested that the judgment is dormant for want of an execution. So far as it overthrew the plaintiff's tax title and established the title of defendant Coffin an execution was unnecessary. The decree was the finality of procedure upon that issue. So far as it declared a lien in his favor an execution is unnecessary, for a tender of the amount has been made. This objection is therefore unavailing even if it should be held that the plaintiff could take advantage of his own failure to take proceedings to protect his lien.

The order appealed from is reversed. The cause is remanded with directions to sustain the appellant's motion and enter the judgment *nunc pro tunc* as it was rendered.