No. 18,294.

R. B. FALER, *Appellee*, v. J. C. CULVER, as Administrator, etc., *Appellant.* ·

SYLLABUS BY THE COURT.

1. PROBATE COURT—*May Correct Mistake or Neglect—By Nunc Pro Tunc Order.* It is competent for a probate court to correct and complete its record by a *nunc pro tunc* entry of proceedings had in that court which through accident, mistake or neglect were not entered of record when the action was taken.

2. SAME—*Claim Filed—Voluntary Appearance—Notice Waived.* A waiver of the service of notice of the filing and presentation of a demand against an estate by the appearance of the administrator of the estate within the statutory period of limitation may be shown by such *nunc pro tunc* entry.

3. SAME—*Claim Against an Estate—Former Judgment in District Court—No Bar.* In an action for the determination of the ownership of land and the partition of the same a defendant claimed the land through an agreement with the owner in her lifetime to the effect that if he would remain with her and care for her and her property while she lived he would become the owner of all her property. He further alleged that he had filed a demand in the probate court for the value of the services which he had rendered. The district court did not uphold the agreement or his claim of ownership of the land, and in the entry of judgment recognized that his claim for the value of services rendered to the owner of the land was still pending and undetermined in the probate court. *Held,* that the judgment in the district court did not bar him from litigating the claim in the probate court nor from recovering the value of the services actually rendered by him for which no payment had been made.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed February 6, 1915. Affirmed.

*G. R. Stephenson,* of Yates Center, and *E. D. Mikesell,* of Fredonia, for the appellant.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an allowance of the claim of R. B. Faler against the estate of Elizabeth Speer, deceased. She died intestate on July 16, 1907, and on August 21, 1907, J. C. Culver was duly appointed administrator of her estate and filed his bond and published notice of the appointment ending September 13, 1907. On January 29, 1908, Faler filed a claim against the estate for services rendered to Elizabeth Speer during her lifetime, but it does not appear that written notice of the filing of the claim and of the time of its presentation to the probate court was given for some time afterward. Prior to that time, and on December 24, 1907, certain parties began an action for the partition of the real property of the estate, in which Faler was made a defendant, and it was alleged, among other things, that Faler owned a one-fifty-sixth interest in the land. He filed an answer in which the allegation that he was the owner of one-fifty-sixth interest of the land was admitted. Subsequently he filed another answer in which reference was made to the filing of the claim in the probate court and asking for a stay of proceedings in the partition suit until the disposition of the claim in the probate court had been made, but the application was overruled. This allegation as to the claim in the probate court was later stricken out of the answer upon the motion of the administrator. In the partition action Faler alleged and claimed that he was the owner of all of the property of the estate by reason of an agreement between him and his grandmother, Elizabeth Speer, under which he was to remain with her and care for her and her property during her lifetime, in consideration of which he was to receive all the property owned by her at the time of her death. The court gave him no more than a one-fifty-sixth interest of the land, the share to which he was entitled

Faler v. Culver.

regardless of the agreement set up in the partition action, but in the judgment entry specific reference was made to the fact that he had presented a claim in the probate court for his services against the estate which was still pending and undetermined.

It is first contended that the claim was barred by the statute of limitations because notice of the claim was not served on the administrator within three years after he had qualified and given bond, the limitation then applicable (Gen. Stat. 1901, § 2886), and that the service of notice had not been waived in writing or by an appearance in the probate court. The proceedings in the partition action showed that the attention of the administrator had been called to the filing of the claim, but the decision of the question involved here will not be based upon that notice. The statute provides that the executor or administrator may waive service of the notice of a claim by an appearance in the court or by a writing. (Gen. Stat. 1909, § 3528.) The probate court in a later entry certified that the administrator did appear in court, and in connection with the attorneys for Faler did agree on a time for the hearing of the claim, and that this was done within three years after the filing of the bond of the administrator. The contention that no record of the appearance was made in the probate court when the proceedings were had does not nullify the effect of an actual appearance made by the administrator. The important question is, Did the proceeding occur; was there a waiver of notice by the appearance of the administrator? and if there was, then neither party should lose any rights by the failure of the judge to make a record of the proceeding. The proceedings and the orders made in the court are, of course, to be shown by its record, but in this case a *nunc pro tunc* entry was made by the probate court which showed an appearance and waiver by the administrator within the period of limitation, and, besides, there was other testimony which tended to sup-

port the record. It has been determined that if through accident, mistake or neglect a record is not entered of a proceeding had or an order made in the probate court it is competent for that court to correct or complete its record by a *nunc pro tunc* entry and that this power is not lost by lapse of time. While an order adding to the record should not be made unless proof in support of the entry is clear and convincing it has been held that it may be done upon oral as well as written testimony, and it has also been held that it may be done upon the testimony of a former judge. (*Aydelotte v. Brittain & Co.,* 29 Kan. 98; *Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Graden v. Mais,* 83 Kan. 481, 112 Pac. 107; *Plummer v. Ash,* 90 Kan. 40, 133 Pac. 157.) The estate had not been settled and the administrator discharged when the appearance was made nor when the trial was had, and therefore the rule of *Collamore v. Wilder,* 19 Kan. 67, referred to by the administrator, is not controlling.

The second contention is that the claim upon which judgment was rendered in this case was adjudicated in the partition suit, wherein Faler alleged that he became the owner of the property sought to be partitioned because of an agreement that he was to have the property in consideration of his caring for his grandmother while she lived. It is contended that having elected to set up the agreement which involved services performed by him he is barred from thereafter prosecuting his claim for the value of such services. In the first place the issues to be litigated in the partition suit were not the same as those involved in the claim filed in the probate court. The first was an assertion of ownership of the property resulting from an agreement, the conditions of which had been performed, while in the second the claim was merely for the value of the services which had been performed and for which no payment had been made. While the agreement involved the services rendered in compliance with its terms, the court might have held that no agree-

Faler v. Culver.

ment was in fact made and therefore Faler had no interest in the land. Under the agreement, if it was made, Faler would have been entitled to all of the land whether the services performed in accordance with the agreement were of much or little value, and an adjudication that the agreement was not made would not bar Faler from recovering the value of the services actually rendered by him. However, the recitals in the judgment rendered in the earlier case indicate quite plainly that the court recognized that the claim for services was still pending in the probate court and was to be adjudicated there, and in one of its findings the court made a reference to the funds of the estate that would be available if the claim should thereafter be allowed by the probate court. It may have been true that the court decided that Faler was bound by the answer first filed in the partition suit wherein he admitted that he was the owner of a one-fifty-sixth interest in the real property, the share which would have come to him under the statute of descents and distributions. In any event it appears that the value of Faler's services and his right to recover were not litigated or decided in the earlier case.

No error is found in the record, and therefore the judgment of the district court will be affirmed.