No. 33,791

GRACE L. SCHNEIDER, *Plaintiff* (J. H. SNYDER, *Appellant;* D. G. SMITH, *Appellee*), v. ERNEST L. SCHNEIDER et al., *Defendants.*

(78 P. 2d 16)

Opinion filed April 9, 1938.

L. W. Krings, of Kansas City, Mo., for the appellant.

C. O. Pingry and R. L. Letton, both of Pittsburg, and D. G. Smith, of Girard, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This appeal is from an order overruling a motion for a *nunc pro tunc* order. The controversy does not relate to the rights of the parties to the main action, but is purely ancillary thereto and pertains to a dispute over attorneys' fees between two parties who appeared as attorneys of record for the plaintiff in a partition suit. The partition suit has been here before. (*Schneider v. Schneider,* 143 Kan. 668, 56 P. 2d 445.) In the instant appeal J. H. Snyder is the appellant, and D. G. Smith is the appellee.

On appeal of the partition suit the cause was remanded with directions to proceed in accordance with the views expressed in our opinion. The parties finally agreed upon a settlement and filed with the clerk of the district court a "stipulation and agreement of settlement." The provision of that stipulation, now involved, reads:

"The attorney's fees in this cause are set and determined to be $3,000, of which $1,500 is to be paid to D. G. Smith and J. H. Snyder, as attorneys for the plaintiff, and $1,500 to be paid Bird and Bird, as attorneys for the defendants other than Frank Schneider."

The stipulation further provided in substance that in the event the entire matter was not fully closed within forty days from the date of the stipulation, the trial court should enter judgment in accordance therewith and issue or direct the clerk to issue any orders, deeds or instruments necessary to carry out the agreement. The terms of the agreement were not executed by the parties within the time fixed, and the trial court proceeded to execute the terms of the stipulation. During the January, 1937, term of court, and on January 22, the court signed a journal entry which did not embrace the subject of attorney fees. On the same day, however, the court approved a separate order for the distribution of funds in which the clerk or deputy clerk was directed, among other things, to disburse to Bird & Bird the sum of $1,500, and $1,500 to D. G. Smith, appellee herein. Appellant J. H. Snyder was not present in court on the date of that order. About two months later, and on March 17, plaintiff in the partition action filed a motion to retax costs and to modify the order of distribution to conform to the stipulation. In it, however, plaintiff did not mention the subject of this fee. On the same date, to wit, March 17, appellant filed a motion in which he requested the court to direct the appellee to remit $750 of the $1,500 to him. On March 23 appellant, upon request, was permitted to

withdraw his motion of March 17, and was granted permission to refile it. The motion was never refiled. The January term expired on April 4, 1937. On June 14, 1937, appellant filed a writing which he denominated, "A motion for *nunc pro tunc* order." The pertinent portion thereof reads:

"Comes now J. H. Snyder and moves the court for an order *correcting* the statement of disbursement of moneys dated January 25, 1937, and filed herein, so as to speak the truth, for the reason that the said statement as filed is not a correct statement and does not conform to the terms of said stipulation and agreement of settlement filed in said cause on November 13, 1936, *and the true understanding and agreement of the parties* whose signatures are subscribed thereto, in this, that—

"The said statement sets out the name of D. G. Smith, attorney of record for plaintiff, as receiving fifteen hundred ($1500) dollars attorney's fees by virtue of said disbursement of moneys, and fails to mention the name of his movant, J. H. Snyder, attorney of record for plaintiff, in any part of said statement, *whereas, in truth and fact, the said statement should show the sum of seven hundred fifty ($750) dollars being allowed to said D. G. Smith as attorney's fee in said cause, and the sum of seven hundred fifty ($750) dollars being allowed to said J. H. Snyder as attorney's fee in said cause."* (Italics inserted.)

A hearing was had on the motion. The court admitted evidence, in accordance with appellant's request, for the purpose of disclosing what the understanding of appellant and appellee actually was concerning the division of the fee. The evidence covered the entire period of litigation and consisted of an affidavit by appellant and oral testimony on both sides. The motion was overruled. No journal entry of judgment was filed covering the ruling. The notice of appeal was only from the order overruling the so-called motion for the order *nunc pro tunc*. The specifications of error do not include the ruling on this motion. Appellant's argument on appeal relates only to the order of distribution which was made during the previous term of court and from which no appeal was perfected.

Appellee has moved to dismiss the appeal upon various grounds. The motion should probably be sustained, but in view of the nature of the case we have concluded to treat on its merits the question of whether the motion for a *nunc pro tunc* order was properly overruled.

A genuine *nunc pro tunc* order may, of course, be made after the term at which the order or judgment to be affected was rendered. In *Cazzell v. Cazzell*, 133 Kan. 766, 3 P. 2d 479, it was held:

"Where matters which are an essential part of a judgment are inadvertently omitted from its written text, with the effect that it does not fairly recite what

the court intended, and perverts that intention, the omitted matter may be supplied and the journal entry of judgment corrected even after the close of the term, at the instance of an interested party." (Syl. ¶ 2.)

In the instant case it will be observed the motion did not allege the order of distribution was made inadvertently or by mistake, nor that the order of distribution which was made was not actually intended to be made. The purpose of the motion was to alter, to change, the order which was actually made to an order which appellant claims should have been made. The motion did not merely seek an order to conform to the stipulation, but it sought an order for which the stipulation itself did not provide. It sought to have the $1,500 attorney fee divided equally between appellant and appellee. The stipulation provided for no particular division of the $1,500 fee. By his motion appellant sought an opportunity to show that such division of the fee conformed to the actual understanding of the parties. These are not the functions of a motion for a *nunc pro tunc* order. The purpose of such a motion is to obtain the order or judgment which was actually made at the time it was made. The question on such a motion is, therefore, what order was in fact made at the time by the trial court. (*Aydelotte v. Brittain & Co.,* 29 Kan. 98; *Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Graden v. Mais,* 83 Kan. 481, 483, 112 Pac. 107; *Stone v. Pugh,* 99 Kan. 38, 160 Pac. 988.)

In *Klein v. Southern Pac. Co.,* 140 Fed. 213, the principle was concisely and clearly stated as follows:

"The office of a *nunc pro tunc* entry is not to make an order now for then, but to enter now for then an order previously made; . . ." (Headnote, ¶ 2.)

As stated, appellant's motion was not upon the ground the trial court did not intend to make the order it did make and that therefore it was not actually the order of the court. Indeed, it would have been futile to so contend. The deputy clerk, called as a witness by appellant, testified to the effect that she had consulted the judge concerning the disbursement of the fee before she made the disbursement to appellee. Her reason for consulting the judge concerning it was that appellant had requested that any amount deposited for him as attorney fees should be sent directly to him. She testified: "I had paid the money out on the order of the court."

But let us turn now to the question of the actual understanding between appellant and appellee as to the fee which appellee was to receive. The trial court heard all of the evidence which appellant

offered in support of his motion. The evidence as to the actual understanding relative to any division of the fee, while conflicting, was clearly sufficient to indicate that appellee was to receive $1,500 for his services. In a review of such evidence we need, of course, look only to the evidence which is favorable to the appellee. It is unnecessary to narrate all of that evidence. A few pertinent facts will clearly indicate the nature of the testimony. Appellee testified in substance: Appellant was the son of the plaintiff; when he (appellee) first began representing the plaintiff, her son had not yet been admitted to practice law; the suit first involved the title to an interest in the property and an accounting; plaintiff discussed that suit with appellee, both before and after appellant was admitted to the bar; after his admission appellant began the practice of law in Kansas City, Mo., where he is now located; appellant's name was included as attorney of record with appellee merely as a matter of courtesy; much difference of opinion arose between them before the appeal of the action to the supreme court; plaintiff had specifically advised appellee to disregard anything appellant did; the plaintiff advised appellee that she had employed him to bring the action and was depending upon him to clean it up; that the agreement as to a fifty percent division of the fee pertained to the amount which might be recovered in an accounting; that no money was ever received from an accounting; appellant had been a burden rather than a help to him; his name appeared on some of the pleadings and not on others; as the disagreement between them increased, appellee, in order to protect himself, finally filed suit in the district court of Crawford county against plaintiff for his fee in the sum of $1,500; when the stipulation of settlement was being prepared he definitely advised appellant in the presence of other witnesses, including plaintiff, that he was insisting on receiving the $1,500 for his services, and that he would not dismiss his suit against the plaintiff for that amount until he obtained that fee; appellant did not demur to that demand and plaintiff advised him (appellee) to finish the suit and to pay no attention to appellant; appellant then interrupted his mother and the following conversation occurred:

" 'Mama, you don't know what you are doing,' and she said, 'If I don't, Judge Bird and Glick (appellee) do,' and the stipulation was signed and I got my money and dismissed the case and paid the costs as I agreed to."

The testimony of appellee concerning his insistence on the $1,500

fee at the time the stipulation was being prepared was corroborated by the court reporter.

Appellee's stenographer testified in substance: When the partition suit was filed appellant did not desire to appear as attorney of record; she heard plaintiff on two occasions advise appellee she was looking solely to him to take care of the suit.

Assuming the question is here for review, the order overruling the motion for an order *nunc pro tunc* must be affirmed. It is so ordered.