## FERDINAND ARN v. ISAAC PARKER.

REPLEVIN, *by Officer Under Judicial Process — Evidence.*   To sustain a judgment in replevin in favor of an officer who claims the right of possession by virtue of a seizure under a judicial process, the proof should show his official character, and the proceedings and process under which he acted and claims possession.   (*Graham v. Shaw,* 38 Kas. 734, cited, and followed.)

*Error from Wyandotte District Court.*

THE opinion states the case.

*J. B. Hamner,* and *G. H. English,* for plaintiff in error.

*R. P. Clark,* and *John A. Hale,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiff in error commenced an action in replevin against the defendant in error, before a justice of the peace in Wyandotte county, to recover the possession of a car-load of coal, containing five hundred and twelve bushels, and of the value of $50.84.   There was a trial before the justice, and an appeal to the district court of Wyandotte county; a trial in that court at the July term, 1886, a judgment for defendant in error, and the case is brought here to review the proceedings at that trial.   While there are several errors assigned in the petition in error, the principal ones urged in the brief of counsel for plaintiff in error are, that there is no evidence tending to show that Parker had any interest in the coal, as owner, creditor, or

otherwise; and that certain instructions were not applicable, because the facts did not justify them.

The material facts are, that for some time Edward F. Arn was in business as a coal dealer in the city of Wyandotte, and became indebted, at a certain time he claims to have sold out, to his father, and after that he acted only in the capacity of a clerk. A car of coal was levied upon by the defendant in error as the property of Edward F. Arn, by virtue of an execution directed to the defendant in error, as a constable of the city of Wyandotte, on a judgment before a justice of the peace against Ed. F. Arn. The plaintiff in error claims the carload of coal as his property; that it was bought and paid for out of the proceeds of the business conducted in his name, and belonged to him. On the trial no evidence was offered to show, or tending in the most remote degree to show, that the possession of the defendant in error was by virtue of an execution levy. The defendant in error was put upon the witness stand and questioned and cross-questioned as to the time at which a demand for the coal was made upon him, but the record fails to disclose any statement made by him, or any other witness, as to his right of possession. No transcript of a judgment against Ed. F. Arn; no execution and levy; no admission is made or shown anywhere in the record connecting the defendant in error, officially or otherwise, with the legal possession of the car-load of coal.

In accordance with the case of *Graham v. Shaw,* 38 Kas. 734, we are compelled to recommend a reversal of this action, and that it be remanded for a new trial; for it is said in that case that—

"To sustain a judgment in replevin in favor of an officer who claims the right of possession by virtue of a seizure in an attachment action, the proof should show his official character, and the proceedings and process under which he acted and claims possession."

By the Court: It is so ordered.

All the Justices concurring.