No. 24,404

C. EDEL, *Appellant,* v. (J. O. McKENZIE, as Sheriff of Phillips
county) HENKLE & JOYCE HARDWARE COMPANY, substituted, *Appellee.*

SYLLABUS BY THE COURT.

REPLEVIN—*Demurrer to Plaintiff's Evidence Erroneously Sustained—New Trial
Ordered.* Where plaintiff in a replevin action offers evidence tending to
show his ownership of the property in question and his right to the posses-
sion thereof at the time suit was filed, and no evidence is offered tending to
show defendant's ownership of the property, or that he has any interest in or
lien thereon, it is error for the court to sustain a demurrer to plaintiff's evi-
dence and to render judgment for defendant for the return of the property
or, in lieu thereof, its value in money.

Appeal from Phillips district court; WILLARD SIMMONS, judge. Opinion filed
July 7, 1923. Reversed.

*E. S. Rice,* and *W. S. Rice,* both of Smith Center, for the appellant.
*Robert W. Hemphill, jr.,* of Norton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin. A demurrer was sus-
tained to plaintiff's evidence, judgment was rendered for defendant
for the return of the property or for its value in lieu of such return,
and plaintiff has appealed.

In May, 1920, the plaintiff sold to Ray Shearer the tools and
shop machinery in a certain blacksmith shop and garage at Long
Island, Kan., and in payment thereof Shearer gave plaintiff his note
for $800 and a mortgage upon the property. Shearer operated the
blacksmith shop and garage for about nine months and within that
time became further indebted to plaintiff. To pay his indebtedness,
then amounting to $1,216.77, Shearer, in February, 1921, executed a
bill of sale to the plaintiff for the tools and machinery in the garage,
the description in the bill of sale reading, "The entire stock of ma-
terials, supplies, repairs and all bench and other tools and machinery
in said building by the said Ray Shearer wholly owned, including all
fixtures and appliances for such machinery and other fixtures ap-
pertaining to and used about the said garage and blacksmith busi-
ness." The plaintiff surrendered his notes and other evidence of in-
debtedness to Shearer and took possession of the property trans-
ferred to him by the bill of sale. Thereafter, the sheriff, in some pro-

ceedings the nature of which is not shown by the record, pretended to make a levy of attachment upon some of the materials and supplies received by plaintiff from Shearer. Plaintiff then brought this action against the sheriff, setting out a list of the property and its value, claimed to be the owner of it and entitled to immediate possession, and made all the usual allegations in a suit for replevin. A stipulation was filed to the effect that the Henkle & Joyce Hardware Company, a corporation of Lincoln, Neb., being the real party in interest, might be substituted for the sheriff, as defendant, and such corporation filed an answer consisting of a general denial and a prayer for judgment for the return of the property or, in lieu thereof, its value. Upon the trial the plaintiff offered evidence of his ownership of the blacksmith shop and garage; his sale of it to Ray Shearer in May, 1920, taking in payment thereof the $800 note and mortgage above mentioned; the fact that Shearer further became indebted to him, and of the conveyance of the property to him by Shearer in February, 1921, in payment of the indebtedness; of his taking possession of it and having it in his possession; and rested. Defendant demurred to plaintiff's evidence. The court sustained the demurrer and "found without further showing that Henkle & Joyce Hardware Company should have a judgment in this case for the return of the property involved, and in case a return cannot be had, for its value in the sum of $223.60, and costs of action," and rendered judgment accordingly. There is absolutely nothing in the evidence nor in the answer of the defendant showing, or tending to show, that the Henkle & Joyce Hardware Company had any ownership in this property nor any lien of any kind upon it, nor any interest in it one way or the other. It is intimated in the briefs in this court that the Henkle & Joyce Hardward Company was a creditor of Shearer and that the sale from Shearer to the plaintiff in February, 1921, was void as to the defendant for that reason. There is nothing in this record showing that the Henkle & Joyce Hardware Company was a creditor of Shearer. In fact, the evidence shows that Shearer represented that he had no other debts than what he owed plaintiff. Of course, the Henkle & Joyce Hardware Company could have shown any defense it had to plaintiff's action under its general denial, (*Dewey v. Bobbitt*, 79 K. 505, 100 Pac. 77), but it did not show anything. Appellee suggests that in plaintiff's opening statement to the jury plaintiff's counsel stated that the replevin suit was brought against the sheriff, who had levied upon the goods, and that the

stipulation substituting Henkle & Joyce for the sheriff would tend to show that Henkle & Joyce were creditors of Shearer. But that is assuming too much. Even the pleadings in the suit under which the sheriff attempted to make a levy of some kind upon this property were not offered in evidence. The levy of a sheriff upon goods may be valid or may not be, depending upon many circumstances.

"If an officer seizes, under attachment, property which is in the possession of a stranger to the writ under a claim of ownership, it is incumbent on the officer, when sued in replevin by such person for the recovery of the property, to show not only a writ valid on its face, but the regularity of the attachment proceedings." (23 R. C. L. 935; see, also, *Cheeseman et al., v. Fenton,* 13 Wyo.· 436; *Graham v. Shaw,* 38 Kan. 734, 17 Pac. 332; *Arn v. Parker,* 39 Kan. 338, 18 Pac. 201.)

The only thing the stipulation recognized was that the Henkle & Joyce Hardware Company was the real party in interest and for that reason should be substituted for the sheriff. So, the record in this case, at the time the court ruled upon the matter and rendered judgment, shows absolute ownership of the goods in plaintiff and his right to their possession. In that state of the case, and with nothing further, it was error for the court to sustain the demurrer to the evidence and to render judgment for the defendant for the return of the goods or their value.

Appellee contends that the bill of sale given by Shearer to appellant in February, 1921, was void as against creditors under the bulk-sales law, but that cannot be made the basis of the ruling of the court where there was no showing that there were any creditors and the only evidence on that matter tended to show there were none. Appellant suggests in his brief that if appellee had undertaken to show that in its defense, he could have met it by showing that the goods were exempt and that as to the goods in question, no notice to creditors would be necessary. But both of these questions are pure speculation; they never got into this case; they were not tried out and cannot be taken into consideration in this court and should not have been taken into consideration, if they were in the court below, because they were not before it.

The result is that this case must be reversed for a new trial.