No. 25,710.

R. T. AMIS, *Appellant,* v. FRED C. VALERIUS, as Sheriff, etc., *Appellee.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Trial—Omission of Material Evidence—Curing Defect.* Where a replevin action by a third person against a sheriff holding the property under attachment is tried without a jury and after a decision in favor of the defendant a new trial is asked upon the ground that the papers in the attachment proceedings, which formed a material part of the defendant's case, had not been introduced, the irregularity may be cured by the admission and consideration of the evidence upon the hearing of the motion.

2. SAME—*Correction of Journal Entry.* A journal entry may be subsequently amended by inserting a recital of the admission of certain evidence.

3. ATTACHMENT—*Ownership of Property—Evidence.* A *prima facie* case of the ownership of personal property by an attachment defendant may be made out by evidence of his possession of it coupled with assertions of title, and whether such *prima facie* showing is overcome by oral testimony. in behalf of another claimant is a question for the final determination of the triers of the facts.

4. REPLEVIN—*Property Taken Under Process—Amount Recoverable.* A sheriff who successfully defends a replevin action brought for property seized by him on an order of attachment, where the property has been taken from him under the order of delivery, is entitled to an alternative money judgment for the amount of the lien, in case it is less than the full value of the property, otherwise for the actual value.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed May 9, 1925. Affirmed except as to the amount of the alternative money judgment.

*Ed T. Hackney, Bert E. Church,* both of Wellington, and *John S. Wright,* of Kansas City, Mo., for the appellant.

*E. J. Taggart,* and *John Bradley,* both of Wellington, for the appellee.

The opinion of the court was delivered by

MASON, J.: R. T. Amis claiming to be the owner of a grading outfit brought this action against a sheriff to recover its possession. Judgment was rendered for the defendant and the plaintiff appeals.

1. The sheriff was holding the property under an attachment against the plaintiff's son, P. H. Amis. The plaintiff asserts that no evidence was produced that the defendant was the sheriff or as to the proceedings by which he had acquired possession of the property, or the amount of any attachment lien. The petition alleged that the defendant was the sheriff. The case was tried without a jury. Ap-

parently no evidence concerning the attachment proceedings was introduced at the trial. But at the hearing of a motion for a new trial the papers in the attachment case were offered and admitted. On a matter of record evidence there was no occasion for going through the form of a new trial. Obviously there was no real controversy on this feature of the case. Proof of the seizure of the property by the sheriff was a mere formal requisite. The production of the papers in the attachment action established the sheriff's relation to the matter. The real controversy was whether the father or the son -was the owner of the property.

It was necessary for the defendant to show the fact of the attachment. (*Edel v. McKenzie,* 114 Kan. 49, ·216 Pac. 823, and cases there cited.) The plaintiff could not, however, question the regularity of the proceedings to the same extent that the attachment defendant might. (6 C. J. 391, 392.)

· 2. The fact of the admission of the attachment papers was not made to appear in the original journal entry, but was inserted in a record made by order of the court some time later. It was entirely proper for the record to be amended at any time so as to show the actual proceedings that had taken place. (*Christisen v. Bartlett,* 73 Kan. 404, 85 Pac. 594.)

3. The plaintiff also contends that there was no evidence whatever that his son owned the grading outfit when the attachment was levied. The son was in possession of the property, using it in carrying on a business of his own; his name was painted on much of the equipment; there was testimony that he said that he owned it, although this was later qualified. He had executed to his wife a conveyance of the property which was made of record with the register of deeds. This was prior to the attachment suit. Possession itself is some evidence of ownership (22 C. J. 126; 5 Wigmore on Evidence, § 2515), and declarations of the possessor are admissible in aid of the presumption (3 Wigmore on Evidence, § 1779). The plaintiff gave a detailed account of his business relations with his son, saying that they had formerly been in business together, the equipment being kept up out of the common fund, but the partnership had been dissolved; that he owned the property in controversy but permitted his son to use it; that he knew of his son's name being painted on the wagons and machinery and did not do anything about taking it off. The credibility of the plaintiff's testimony was a matter for the determination of the trial court and so far as necessary

to support the judgment the presumption must be entertained that it did not prove convincing.

4. The plaintiff obtained possession of the property under an order of delivery, and no redelivery bond was given. The judgment was for the return of the property or for the amount of the attachment lien ($4,034.78) if a return could not be had. The plaintiff suggests that the sheriff was not entitled to an alternative money judgment. He had a special interest to the amount of the attachment and such a judgment in his favor was regular. (34 Cyc. 1568.) The making of the attachment creditor a party would have been proper but was not necessary. (*Hoisington, Sheriff, v. Brakey,* 31 Kan. 560, 3 Pac. 353.) The amount of the judgment which was rendered would have been correct if the property had been worth that much. The only showing of its value which we find in the record, however, was that given in the plaintiff's replevin affidavit— $2,932. The judgment will be modified by reducing the alternative money judgment to that amount, if the defendant is satisfied with it. Otherwise a new trial is granted solely upon the issue of the value of the property.

With this exception the judgment is affirmed.