THE STATE OF KANSAS, *Appellee*, v. JUSTUS B. LINDER-
HOLM, *Appellant*.

No. 18,323.

SYLLABUS BY THE COURT.

1. JOURNAL ENTRIES—*Duty of Clerk to Record all Judgments,
Decrees and Orders of the Court.* It is the duty of the clerk
of the district court to keep a journal and to record thereon
all judgments, decrees, and orders of the court. All that is
necessary is that the journal recite correctly the judgment of
the court, no matter how or from what source the clerk may
have obtained the form used in making the entry. If a dis-
pute arises between counsel as to what was decided or ad-
judged the court is the final arbiter, and if for any reason the
record fail to speak the truth, it is the duty of the court and
it has power at any time to order the record changed and cor-
rected.

2. ———— *Prepared by Opposing Counsel Not Official Record.*
The customary practice by which the opposing counsel agree
upon the form which the clerk shall use in recording upon
the journal a judgment, decision, or order of the court, has
the advantage of preventing disputes over what the terms
of the order or judgment are; but even when signed by counsel,
or approved by the court, the paper itself is not the record;
and there is no provision of law authorizing it to be filed
among the papers. It becomes a mere form for the con-
venience of the clerk in making up the record.

3. ———— *Same.* In this case it is held that since it was not
necessary that such a paper be either filed with the clerk or
approved by any person, appellant lost nothing by having no
opportunity to be heard when it was approved.

4. RECORD OF LUNACY—*Refusal to Strike from Files—Not a
Final Order—Not Reviewable.* In the trial of an appeal from
the probate court in a lunacy proceeding the refusal of the
court to strike from the files a statement in lunacy certified up
from the probate court is not a final order, and error can not
be predicated thereon. Especially is this true, where the order
refusing to strike was made long after the rendition of the
judgment.

5. LUNACY—*Person Adjudged Insane—Can Not be Discharged
by District Court on Motion.* In a proceeding in the probate
court appellant was adjudged insane. On appeal to the district

court the same judgment was entered, which was afterwards affirmed by the supreme court. *Held*, that the district court had no jurisdiction thereafter to entertain a motion for his discharge on the ground that since the judgment he had been restored to mental health.

Appeal from McPherson district court; CHARLES E. BRANINE, judge. Opinion filed October 11, 1913. Affirmed.

*John F. Hanson,* of Lindsborg, for the appellant.

*J. M. Grattan,* county attorney, for the appellee; *G. F. Grattan,* of McPherson, of counsel.

The opinion of the court was delivered by

PORTER, J.: The appellant was adjudged insane by the probate court of McPherson county. He appealed to the district court, with the same result, and was ordered sent to the state hospital. On appeal the judgment was affirmed. (*The State v. Linderholm,* 84 Kan. 603, 114 Pac. 857.) This is an appeal from subsequent orders of the court overruling a motion to strike certain papers from the files and to discharge appellant. The first of these motions was filed September 5, 1910, and reads:

"Comes now the said Justus B. Linderholm, by his attorney, John F. Hanson, and moves the said court:

"*First.* To strike from the files a purported journal entry of a trial of said cause in the March term, 1909, of said court, filed April 16, 1909, for the reason that the same was not signed by the attorney for the said Justus B. Linderholm; for the further reason that the same has not been approved by the court according to Rule No. 7 of this court; for the further reason that the supposed approval of said journal entry at chambers was without any notice to or opportunity for the said Justus B. Linderholm or his attorney to be heard.

"*Second.* To strike from the files a purported statement in lunacy in the insanity of Justus B. Linderholm, purported to be filed about March 20, 1909, be-

cause the same is no part of any proceeding had in this court or any paper to be filed as of that date and has no right to such filing.        JOHN F. HANSON,
*Attorney for Justus B. Linderholm."*

The motion for appellant's discharge was filed December 30, 1911, and reads:

"Comes now the said Justus B. Linderholm and moves the said court as follows:

"*First.* That, whereas, nearly two years have elapsed since the trial of this case, that the said Justus B. Linderholm be not adjudged to be committed to any hospital or put under any restraint whatever, unless a new inquiry be had, and where there is a finding of insanity; that the said Justus B. Linderholm have his costs herein so far made, and if no new finding of insanity be found, or no new inquiry is desired, that he be discharged without day and have all his costs.

"*Second.* That, whereas, since the previous finding of insanity in said matter the said Justus B. Linderholm has been kidnapped and placed in the Topeka State Hospital for the insane under an irregular order of commitment from the probate court of this county, where he or his attorney was not present, and who had no jurisdiction because this court had not yet passed on that question, and after being so committed and unlawfully held, or subject to said order, he was, on the 1st day of June, 1911, by the superintendent of said hospital, discharged from all restraint as being able to care for himself, and by reason of said commitment and release the proceeding herein is terminated before final judgment of commitment by this court, and, therefore, the said Justus B. Linderholm should be discharged without day and have his costs.
JOHN F. HANSON,
*Attorney for Respondent."*

Rule No. 7 of the district court of McPherson county, to which reference is made in the first motion, provides as follows:

"Service of process, publication notices, and drafts of journal entries will not be approved except in cases of such entries as counsel do not agree upon."

All presumptions are in favor of the regularity of the proceedings, and it will be assumed that the journal entry was approved in accordance with the foregoing rule, and doubtless it was so approved because opposing counsel for some reason had failed to agree upon the form in which the judgment should be entered. There is, however, no statute or rule of law requiring such a paper to be approved by counsel, or even to be filed. It is the duty of the clerk to keep a journal in which all orders of the court are required to be recorded.

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action.
'The clerk shall make a complete record of every cause as soon as it is finally determined, whenever such record shall be ordered by the court. He shall make up such record in each cause in the vacation next after the term at which the same was determined; and the presiding judge of such court shall at its next term thereafter subscribe the same." (Civ. Code, §§ 412, 413.)

If a dispute arise between counsel as to what was decided or adjudged, the court is of course the final arbiter; but there is no law requiring that before the judgment shall be entered upon the journal the court shall sign any paper. The only thing the judge is required to sign is the journal itself, and that is largely a matter of form; and for the reason that the journal is not usually written up until after the term adjourns, the judge is not required to subscribe to the journal until the next term.

It never was contemplated that the entry of a solemn judgment of a court of record could be made to depend upon the whim or caprice of an attorney upon one side or the other of a cause or upon the failure of the attorneys on opposing sides to agree to the form of the judgment. The duty of the clerk is to make a true record of the order or judgment of the court. If for

any reason the record fail to speak the truth, the court at any time may make an order correcting the same. This has been often decided. (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; *Chemical Co. v. Morrison,* 76 Kan. 799, 803, 92 Pac. 1114; *Calhoun v. Anderson,* 78 Kan. 746, 747, 98 Pac. 274; *In re Hornung,* 81 Kan. 180, 184, 105 Pac. 23; *Plummer v. Ash,* 90 Kan. 40, 133 Pac. 157.)

The practice usually followed by which the opposing counsel agree upon the form which the clerk shall use in recording upon the journal a judgment, decision, or order of the court, has the advantage of preventing disputes over what the terms of the order or judgment are; but even when signed by the counsel and approved by the court, the paper itself is not the record; and there is no provision of law authorizing it to be filed among the papers, or indexed upon the appearance docket, or authorizing costs for filing or indexing. It becomes a mere form for the convenience of the clerk in making up the record. The clerk could make a correct entry of the judgment if he cared to do so, without any form or copy or memorandum before him except the papers on file in the case and the verdict of the jury, where a verdict has been returned. Very often many useless and redundant recitals, which might well be dispensed with, are found in the entry of a judgment. It is true that the judgment in this case was one which affected the personal liberty of a citizen, and was of the utmost importance to him and to the state. Notwithstanding its importance, it required but a very simple entry of record. A dozen lines to show the nature of the proceeding, the appearance of the parties in open court, the fact that a jury was impaneled, a verdict of insanity returned, and the judgment or order of the court, is all that was required. If the journal recited correctly the judgment of the court, that was all that was necessary, no matter how or

from what source the clerk may have obtained the form used in making the entry. If the journal failed to state correctly what the court decided, it is the duty of the court to make the record speak the truth.

The only reasons urged by the appellant why the journal entry should be stricken from the files are that it was not signed by his counsel, nor approved according to Rule 7 of the district court, and because his counsel had no notice of the approval or opportunity to be heard. As observed, the presumption is that it was approved in accordance with Rule 7, and for the reason that appellant's counsel, for some cause not set forth in the record, had declined or refused to agree thereto. Since it was not necessary that such a paper be either prepared or approved by any person, the appellant lost nothing by having no opportunity to be heard when it was approved. There would be no end of litigation, if, as contended, the attorney for the defeated party could prevent the entry of the judgment on the final trial of a cause by merely withholding his approval of the form in which the judgment should be entered.

The order of the district court refusing to strike from the files the statement or certificate of lunacy made by the probate court and filed with the appeal was not a final order, and therefore not appealable. Whether such a statement was properly filed in the district court need not be considered. The motion to strike was made long after the judgment was affirmed on the final appeal. Besides, the filing of the paper or the refusal to strike could not in any manner have prejudiced the appellant.

The court very properly denied the motion to discharge the appellant. The district court had no jurisdiction whatever over his custody, nor has this court. The grounds upon which the motion to discharge is based are so obviously untenable that no further comment is deemed necessary. The appellant may or may

not be insane at this time. As to that we express no opinion. After the original judgment had been affirmed the district court had no further jurisdiction in this action to inquire into that question; nor could it acquire jurisdiction of that matter by the filing of the motions subsequent to the appeal and affirmance.

The rulings on the motions are affirmed.