No. 18,975.

THE STATE OF KANSAS, *Appellee*, v. MATTIE JOHNSON, *Appellant*.

SYLLABUS BY THE COURT.

PROCEDURE CRIMINAL—*Mistake in Journal Entry—Correction of.* In a prosecution for the violation of the prohibitory laws the journal entry by mistake showed a conviction and sentence under a nuisance count when in fact the defendant had been convicted and sentenced under a sales count. *Held,* that after an appeal to the supreme court it was proper for the trial court to correct the journal entry so that it speaks the truth; and no error appearing in the record the judgment is affirmed.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 6, 1913. Affirmed.

*Arthur J. Bolinger,* and *Ernest R. Simon,* both of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The judgment of the court was delivered by

PORTER, J.: The first count in the information charged the defendant with a sale of liquors in violation of law. The sixth count was for maintaining a nuisance. The verdict of the jury was guilty as charged in the first count; not guilty as charged in the sixth. The contention is that the court pronounced sentence under the sixth instead of the first count, and the journal entry so reads. However, after the cause was submitted in this court a motion was filed in the district court setting forth the facts showing a mistake in the journal entry, and a supplemental abstract has been filed, to which is attached a certified copy of an order of the court correcting the journal, so that it now speaks the truth, and states that the defendant was sentenced

upon the first count of the information instead of upon the last. The mistake was made by the person who prepared the journal entry.

It is the duty of the court, and it has power at any time, to make an order correcting a mistake in the record of a judgment. (See cases cited in the opinion in *The State v. Linderholm,* 90 Kan. 489, 493, 135 Pac. 564.) As the corrected journal reads, it shows that no error was committed.

In instruction No. 12 the court properly defined a sale. The instruction requested by the defendant was rightly refused. There was a conflict in the evidence upon the question whether the defendant was acting as the agent of the purchaser.

The judgment is affirmed.