No. 20,354.

ANNA M. HART, *Appellee*, v. MILLARD M. HART, *Appellant*.

### SYLLABUS BY THE COURT.

JUDGMENT ENTRY—*Corrected to Speak the Truth—Knowledge and Recollection of Judge Competent*. On a motion to correct the entry of a judgment so that it should speak the truth, where it was found upon disputed evidence that the judgment as originally entered did not correspond with the judgment actually rendered, the finding, which was based in part on the knowledge and recollection of the judge as to the true judgment rendered, must be upheld on appeal.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed October 7, 1916. Affirmed.

*C. R. Douglass*, and *Harry T. Gray*, both of Saint John, for the appellant.

*Paul R. Nagle*, of Saint John, as *amicus curiæ*.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding involves the validity of an order of the court correcting an entry of judgment. On September 17, 1914, Anna M. Hart brought this action against Millard M. Hart, her husband, to secure a divorce, and the

court at that time made some preliminary orders relating to temporary alimony, including a provision for medical treatment for the plaintiff and for expenses of the litigation. The following day the defendant moved the court to modify the orders as to alimony required to be paid and as to the enjoining of the disposition of property. Shortly afterwards the defendant filed a plea in abatement alleging that the plaintiff had become insane and was mentally incompetent to bring an action at the time the divorce proceeding was begun or to contract with attorneys in reference to the commencement of an action. Upon this plea a hearing was had on October 21, 1914, and an order was then entered sustaining the plea and directing the dismissal of the action. The findings and orders made at that time are in dispute. Some time later a motion was made to correct the entry of judgment, and upon the testimony before the court it was found that the entry did not speak the truth. According to the original entry the court found that the plaintiff was insane when the action was begun, whereas, the court upon the testimony held that the finding that was actually made was that she was not insane when the action was brought, but had become mentally incapacitated since that time. Although not mentioned in the original entry, it was found that in rendering judgment the court, in pursuance of an agreement of the parties, made an order respecting the payment of costs and an attorney's fee.

The final judgment does not purport to amend the judgment that was rendered, but merely to make the entry speak the truth. It is conclusively settled that the court may at any time correct a judgment entry so that it will conform to the judgment that was actually rendered. (*The State v. Linderholm,* 90 Kan. 489, 135 Pac. 564, and cases cited.) The amendment may be made upon any satisfactory evidence, parol as well as written. Although there are decisions in other courts to the contrary, it has been determined here that a correction of the judgment may be based on the knowledge and recollection of the judge as to the facts which occurred at the trial, and of the findings and orders that were then made. (*Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530.) Here the district judge has determined that the entry originally made did not express the judgment that was actually rendered by him, but

that the modified entry does correctly recite what took place at the trial according to his knowledge and recollection, and other testimony was produced which supported his determination. What transpired when the judgment was announced is a disputed question of fact, and upon the record before us it must be held that the evidence justified the amendment of the record.

The judgment is affirmed.