No. 27,851.
No. 28,191.

J. L. OVERLANDER, *Appellee,* v. JACOB ALPHEUS OVERLANDER, *Appellant.*

(268 Pac. 828.)

430

Opinion filed July 7, 1928.

*Jacob A. Overlander,* of New York, N. Y., *pro se.*

*Arthur S. Brewster,* of Troy, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: We have here two separate appeals from the judgment and a subsequent order in a case tried in the district court of Doniphan county. The judgment was rendered in favor of the plaintiff on June 9, 1927, from which the defendant promptly appealed. On June 27, 1927, the journal entry of judgment was corrected by adding interest to the amount allowed plaintiff, confirming the attachment issued at the commencement of the action, and ordering the attached property to be sold and the proceeds to be applied on the plaintiff's judgment. A motion was then filed to resettle the journal entry and retax the costs. A motion for a new trial was also filed. When these were overruled, except as to one item of costs, the defendant again appealed. The cases are numbered, abstracted and briefed separately, but argued and submitted together.

J. L. Overlander commenced this action against his brother, J. A. Overlander, to recover one-fifth of the rents and profits of a farm in Doniphan county inherited by plaintiff and defendant and three other brothers from their father's estate, the defendant being the one chosen to supervise and manage it. Both parties are nonresidents of the state, and service was obtained by attaching the defendant's one-fifth interest in the land. The defendant appeared and filed a general denial and a counterclaim consisting of a multitude of items. A referee was appointed, who heard the evidence and made findings of fact and conclusions of law, finding in favor of the plaintiff for $604.75, with interest at six per cent from May 15, 1924. Upon objections being filed to the report the whole matter was heard and reviewed by the court, and a few changes were made by

the court in the findings and quite a few additional items in the counterclaim of defendant were allowed, reducing the finding for the plaintiff to $505.24. Judgment was rendered for the plaintiff for this amount on June 9, 1927, from which the first appeal was taken, being case No. 27,851. This judgment was corrected, as above stated, eighteen days later, and the motions to resettle journal entry, retax costs, and grant a new trial were overruled, with the exception of one item of costs, a few months later, from which rulings and orders the defendant again appealed, this appeal being docketed as No. 28,191.

There are fifteen assignments of error in the first appeal and twenty in the second. The first one we will consider is No. 15 in both cases, where the appellant insists that the court erred in refusing to allow defendant to discontinue and dismiss without prejudice his counterclaim set out in his first defense, in his original answer and in the second count of his amended and supplemental answer. This does not consist of all the items of the counterclaim of the defendant, but includes many items on which evidence was heard and findings made, some of which are decided in favor of the defendant as credits. The first intimation of this request we find in the record is in the journal entry of June 9, which includes the modifications and approval of the report of the referee and the overruling of the motion for a new trial. Paragraph 12 of this journal entry seems to have granted this request, but it was not permitted to stand in that way, because the specifications of error complain of the refusal of the request. The motion for a new trial does not allege that as one of the errors, so that up to that time at least the court had not been requested to allow such withdrawal or dismissal; but, on the contrary, paragraph 11 of the motion for a new trial definitely urges as error the failure of the court to allow the several items of the defendant's counterclaim, in the following language:

"For error of the court in refusing and disallowing the defendant's account and several items thereof, set out as a counterclaim, and in denying and refusing judgment in favor of the defendant thereon and against the plaintiff."

We think the defendant was entirely too late in making his request to withdraw his counterclaim or dismiss it without prejudice. That request must be made before the case is finally submitted to the court. A litigant cannot submit his cause to a court and, after

failing in whole or in part, decide to withdraw or dismiss his claim without prejudice.

"An action may be dismissed without prejudice to a future action:

"*First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

. . . . . . . . . . . . . . . .

"In all other cases, upon the trial of the action the decision must be upon the merits." (R. S. 60-3105.)

This has been held to apply to defendants with counterclaims just the same as plaintiffs with claims in their petitions. (*Taylor v. Danley,* 83 Kan. 646, 649, 112 Pac. 595.)

Appellant urges that he was entitled to interest on the two notes payable to him for which he is given credit in finding No. 16. The other two notes mentioned in the same finding were paid to other brothers, and the referee and court correctly held defendant was only entitled to receive credit for the actual amount paid by him to the holders of the notes. The matter of right to interest on those notes is a question between plaintiff and the parties who held those notes. They are not parties here, and that question will not require any further attention in this case. But how about interest on the two notes held by the defendant which were found to have been paid by him out of funds in his hands belonging to the plaintiff arising out of the sale of crops from the farm? Conclusion of law No. 3 by the referee is as follows:

"The defendant is not entitled to recover any interest on the notes held by him for the reason that he had in his hands sufficient money to meet said notes."

The finding shows that these notes were paid the same day the other notes were paid to other parties, and the record shows the defendant did not disburse these funds until he had written plaintiff advising him of such intention and asking his consent. For the time that the defendant was actually representing the plaintiff and collecting rents and profits for him he cannot be considered as having such money for his own benefit. It was not his; it was only in trust until disbursed. Interest does not cease to be chargeable on a note in the bank when the maker thereof deposits in the same bank enough or more funds than necessary to pay the note. The defendant was not benefited in the least by having in his custody funds belonging to the plaintiff until they were disbursed. The

judgment should be modified to the extent of allowing interest on these two notes until they were paid as a credit to the defendant.

We have examined each and every point enumerated in the motion for a new trial and every specification of error, among which are the failure of the record to show the oath taken by the referee, the delays in the hearing before him, the allowance of a fee for his services, his rulings during the hearings, the errors of the referee and the court in allowing plaintiff's claim and disallowing many of defendant's items of counterclaim, mistakes in computation, the want of evidence to support many of the findings of fact, the illegal conclusions of law, and the failure of the court to grant a new trial, and it appears to us that the findings of the court are supported by the evidence and that there is no reversible error in the record.

As to the second appeal, which takes up the case after the rendition of judgment and overruling of the motion for a new trial, where the record shows the court corrected the journal entry eighteen days later by allowing interest on the balance of accounts found due the plaintiff from the defendant at the rate of six per cent per annum until the date of judgment, namely, June 9, and at six per cent per annum on the total amount thereafter, and confirming the attachment issued at the commencement of the action and ordering the attached property to be sold and the proceeds to be applied on the plaintiff's judgment, the journal entry shows this to have been done by the court as a correction of the journal entry of June 9, 1927, as was by the findings and conclusions of the referee approved by the court at that time intended to be included in the journal entry, but was omitted. To this journal entry of correction there was filed a motion to resettle the journal entry, retax the costs, and also a motion for new trial. The motion for new trial contains substantially the same grounds as were contained in the former motion for new trial, and additional ones with reference to the right and authority of the court to correct the journal entry and the failure of the court to retax the costs as requested by the defendant. The court overruled all these motions except the motion to retax the costs, which was sustained in one particular concerning an item of $6.

The specifications of error in this appeal are substantially the same as in the original case, with additions specifically applying to the correction of the journal entry and the failure to retax the

costs in the particulars requested by the defendant. As to the re-taxing of costs, or rather the failure of the court to do so, as to items urged by the defendant, we see no error. As to the right of the court generally to correct the journal entry of judgment to make it speak the truth, even after the expiration of the term at which it was rendered, concerning matters and affairs that are within the knowledge of the judge who rendered the judgment and made the correction, there is no question in the state of Kansas; and there is nothing about this case that shows any advantage taken of any of the parties in making such correction. Service in this case was had by levying an attachment upon the land belonging to the defendant in the county where the action was brought. The findings of fact and conclusions of law made by the referee and approved by the court allowed interest to the plaintiff on the balance of the fund in his favor. The right for items to draw interest and the objection to the same were among the controversies in the case and fully decided by the referee and approved by the court. Their omission from the journal entry could be nothing more than an oversight or neglect which should in good conscience be corrected at the first opportunity after the omission was discovered. In this case it was done in eighteen days after the judgment had been rendered, and there was no error in doing so.

"A district court has the power to correct the entry of a judgment so as. to cause it to speak the truth after the expiration of the term at which it was rendered, and upon the personal knowledge of the judge of what took place in court at the time of its rendition." (*Christisen v. Bartlett,* 73 Kan. 401, syl. ¶ 1, 84 Pac. 530, 85 Pac. 594.)

· "After the expiration of the term at which a judgment was rendered, and after that judgment has been affirmed in the supreme court, the trial court, on personal knowledge of what took place at the time the judgment was rendered, has power to correct the journal entry so as to make it correctly recite the judgment that was actually rendered." (*State, ex rel., v. City of Stafford,* 99 Kan. 265, syl. ¶ 1, 161 Pac. 657. See also, *Amis v. Valerius,* 118 Kan. 455, 235 Pac. 833.)

With the exception of the modification of allowing interest to the defendant on the two notes mentioned in the earlier part of this opinion, the judgment of the trial court and the orders made by the trial court after the rendition of judgment are approved.

The cause is remanded to the trial court, with instructions to allow interest to the defendant on the two notes mentioned herein, and as so modified the judgment is affirmed.