No. 34,035

Eunice Ruth Morton, *Appellant,* v. J. B. Morton, *Appellee.*

(86 P. 2d 486)

Opinion filed January 28, 1939.

*Clark A. Wallace, Paul R. Wunsch,* both of Kingman, *William J. Wertz, Vincent F. Hiebsch* and *Forest V. McCalley,* all of Wichita, for the appellant.

*John W. Blood, Francis W. Prosser, C. Zimmerman* and *Wilbur H. Jones,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Allen, J.: This appeal is by the plaintiff Eunice Ruth Morton from a *nunc pro tunc* order correcting the journal entry of the judg-

ment rendered by the court on the 5th day of February, 1927. The order affects the title to 600 acres of land in Harper county.

After hearing on the motion, the court returned findings of fact and conclusions of law, as follows:

"This matter comes up on motion to amend journal entry of judgment in the above-entitled case to make the same speak the truth. Defendant attacks the validity of the journal entry and other matters, which will be discussed as findings of fact, and conclusions of law have been requested. Practically all findings of fact must be based upon the file record in the case.

### "FINDINGS OF FACT

"1. Plaintiff and defendant were married June 12, 1912. On April 28, 1926, plaintiff wife filed a petition for a divorce. Defendant did not appear and on July 12, 1926, plaintiff by her attorneys, Noftzger & Cox, now deceased, took a decree of divorce, which, among other things, provided, 'It is further ordered that the defendant pay to the plaintiff as alimony the sum of $150 per month, $75 of which shall be paid on the 15th day of July, 1926, and $75 on the 1st and 15th of each month thereafter until further ordered by the court.'

"This provision as to alimony in the journal entry of divorce was a nullity.

"2. On October 28, 1926, and at a succeeding term of court the defendant husband filed a motion to modify the decree as to the alimony payments, and some other matters. There were no minor children of the marriage.

"The issue in this case concerns section 17, township 33 south, range 8 west, Harper county, Kansas. In the original petition plaintiff wife alleges that the defendant is the owner of one farm in Kingman county, Kansas, and the one farm in Harper county, Kansas, together with other property, the Harper county farm being the one in question here, and in her prayer asks for permanent alimony in the sum of $200 per month.

"Following the motion for rehearing and on March 4, 1927, the plaintiff by her attorneys, Noftzger & Cox, having first obtained leave from the court, filed an amendment to her petition in which she alleges, 'That the defendant is the owner of 240 acres of farm land in Kingman county, Kansas, and 600 acres of grass land in Harper county, Kansas, etc.,' and 'that the plaintiff is entitled to a judgment of $10,000 as her interest in said property.' This amendment was filed subsequent to the hearing had on the motion to modify but prior to the filing of the journal entry in dispute.

"3. A hearing was had upon the motion to modify and after two or more hours had been spent in taking testimony a recess was declared and counsel for both plaintiff and defendant, Robert NeSmith, then representing the office of Noftzger & Cox, repaired to the office of the judge of the court and consultations were had back and forth. The attorneys consulted with their clients as well as with the court, after which an agreement of property settlement was entered into subject to the approval of the court.

"The court then reconvened and announced a ruling in the case as follows:

"'The order in this decree for $150 per month will be modified as follows: The plaintiff in this action will make Mr. Morton a deed for the home property in Nashville, Kan., a quitclaim deed. She is to retain 160 acres in

Barber county in her own name, subject to the encumbrance now on it and, of course, she is to release any interest she may have and be barred of any interest she may have in these other farms. He is to pay her the sum of $6,250, as follows: $125 a month beginning on the 15th day of February, 1927.'

"No objection was made to this ruling of the court, but it was assented to by all parties concerned.

"4. On March 4, 1927, a journal entry was filed which set up the various pieces of property, the amount of alimony, attorney fees, etc., but omitted any reference to section 17, township 33 south, range 8 west, Harper county, Kansas, which is the subject of this matter.

"5. The land in question was acquired by the defendant on December 11, 1925, some 13 years after their marriage, and the deed to the same was made to J. B. Morton and Eunice Morton, defendant and plaintiff, respectively, in this case.

"There is no evidence that plaintiff, Eunice Morton, ever knew that she was a grantee in this deed, and the pleadings of plaintiff definitely allege that this property, both in the petition and in the amendment to the petition, was the property of the husband, J. B. Morton.

"She did not buy it with her own money and it was not given to her, as clearly appears from the fact that she did not even know that it was in her name as well as that of her husband.

"Plaintiff raised the question of the right of the attorneys for the defendant to appear in this case because the defendant died in 1933. The court finds that this is an immaterial matter, as the question is only upon the correction of a journal entry to make the same speak the truth.

"CONCLUSIONS OF LAW

"The court finds:

"First: That the ruling of the court made upon motion and assent of all parties fixing the property rights of the two parties hereto was a proper one; the property having been acquired during coverture and under R. S. 60-1511, 'Whether the title thereto be in either or both of said parties, the court shall make such division between the parties, respectively, as may appear just and reasonable, etc.'

"Second: The court has authority at this time to correct the journal entry and make it speak the truth in accordance with the ruling made by the court at the time.

"Third: That the journal entry should be corrected granting to the defendant, J. B. Morton, full title to section 17, township 33 south, range 8 west, Harper county, Kansas, and barring the plaintiff from any right, title, interest or estate in or to said property."

Plaintiff contends:

"First, that the journal entry as of February 5, 1927, as originally filed correctly sets forth the orders of the court which were purported to be made at such time.

"Second, that in the event the court finds that the Harper county land was considered at that hearing, then that any order made by the court with

reference thereto was void and, as a matter of fact, the entire purported order of the court as made in February, 1927, was a nullity."

Under the judgment of July 12, 1926, the plaintiff was awarded as alimony the sum of $150 per month. As the allowance was not for a fixed sum in gross, nor for an aggregate sum payable in installments, it was void. (*Conway v. Conway*, 130 Kan. 848, 288 Pac. 566; *Lydick v. Lydick*, 147 Kan. 385, 76 P. 2d 876.) The judgment further provided that "The court . . . retain jurisdiction of this case for the purpose of making any order necessary for the support and maintenance of plaintiff."

The original petition for divorce alleged the defendant was the owner of a farm in Kingman county, a farm in Harper county, also business and residence property in Nashville. The judgment of July 12, 1926, was a default judgment and the rights of the parties in the farm and city property were not determined. There was no order for permanent alimony. The defendant was directed to pay to plaintiff $75 "on the 1st and 15th of each month thereafter until further ordered by the court." Obviously the question as to permanent alimony and division of the property was left open, and jurisdiction retained for further consideration by the court.

In *Booth v. Booth*, 114 Kan. 377, 219 Pac. 513, a divorce was granted, and a final judgment was rendered for a division of property and for permanent alimony. It was held the court could not retain jurisdiction to make further orders to carry out the decree. The court said:

"It will be noted that in the decree of September, 1921, granting the divorce and adjudging alimony, the only reservation made by the court was that the court retained jurisdiction 'for the purpose of making any and all further orders which may be or become necessary to carry out the terms and provisions of the decree.' There was no reservation made as to the amount of permanent alimony or as to the division of the property, hence the court would have no jurisdiction a year later to entertain a motion to modify the amount by reason of any reservations in the decree." (p. 379.)

In the case before us there was neither division of property or order for permanent alimony in the judgment of February 5, 1927. Payment of $150 per month was to be made by defendant "until further ordered by the court" and jurisdiction was expressly retained "for the purpose of making any order necessary for the support and maintenance of plaintiff." As the defendant was not present in person and was not represented by counsel, the obvious purpose of the court was to retain jurisdiction until the nature and

extent of the property could be ascertained as a basis for a permanent adjustment of the property rights of the parties. We hold the court had jurisdiction to entertain the motion to modify and to enter the judgment on February 5, 1927.

By that judgment plaintiff awarded $6,250 secured by a first lien on property in Nashville, and the defendant was directed to convey to plaintiff 160 acres of land in Barber county. The court had jurisdiction of the subject matter and the parties. The plaintiff having accepted the benefits of the judgment will not be permitted to say there was error in the judgment. (*Babbitt v. Corby,* 13 Kan. 612; *Savings Bank v. Butler,* 56 Kan. 267, 43 Pac. 229; *Bennett v. Bennett,* 112 Kan. 559, 211 Pac. 632.)

Plaintiff asserts the defendant, J. B. Morton, died in 1933, and challenges the right of counsel purporting to represent the defendant to be heard on the motion to modify the judgment. In Freeman on Judgments, 5th ed., section 136, it is said:

"Doubtless all courts have the right and are under the duty to make their records speak the truth and the whole truth whether the parties to the action or any other person wishes them to do so or not, and a court may therefore direct a *nunc pro tunc* entry on its own motion, as was done in *Wight's Case,* 134 U. S. 136, 33 L. Ed. 865, 10 Sup. Ct. Rep. 487. Any person having rights dependent upon or affected by a judgment may call the attention of the court to the failure of its clerk to enter it, and ask that the entry be made as of the day when the judgment was rendered."

In *Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530, this court said:

"A district court has the power to correct the entry of a judgment so as to cause it to speak the truth after the expiration of the term at which it was rendered, and upon the personal knowledge of the judge of what took place in court at the time of its rendition." (Syl. ¶ 1.)

See, also, *State, ex rel., v. City of Stafford,* 99 Kan. 265, 161 Pac. 657; *Hart v. Hart,* 98 Kan. 745, 161 Pac. 585; *Cazzell v. Cazzell,* 133 Kan. 766, 3 P. 2d 479; *Overlander v. Overlander,* 126 Kan. 429, 268 Pac. 828.

Under the settled rule in this state the trial court not only had the right but was under a duty to make the judgment rolls speak the truth. As the court could act on its own motion it was immaterial how the defect in the record was brought to the attention of the court.

Plaintiff contends that the trial court was without authority to bar the plaintiff from the Harper county land as the deed was taken

in the name of J. B. Morton and Eunice Morton, defendant and plaintiff in the action. The record shows that the land was acquired thirteen years after the marriage.

Our statute, G. S. 1935, 60-1511, provides:

"And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

The plaintiff in both the original petition and in the amended petition alleged that the Harper county land was the property of her husband. Whether plaintiff is bound by the definite allegations in the pleadings (*Mann v. Mann*, 136 Kan. 331, 332, 15 P. 2d 478), we think the statute applicable to the facts in this case, and therefore approve the ruling of the trial court.

As the material facts found by the trial court are sustained by the evidence, the judgment must be affirmed. It is so ordered.