No. 34,110

Robert T. Morrison, Boone Gregg and J. B. Mitchell, Copartners, doing business as Morrison-Gregg-Mitchell Grain Company, *Appellants,* v. C. H. Bandt, and Wilma Bandt, His Wife; The First National Bank of Phillipsburg, *Appellees.*

Opinion filed January 28, 1939.

*A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellants.

*W. A. Barron,* of Phillipsburg, and *W. S. Rice,* of Smith Center, for the appellees.

The opinion of the court was delivered by

Allen, J.: This was an action on a note, and to foreclose a mortgage on a grain elevator given to secure the note. The burden of proof was on defendants. At the conclusion of defendants' evidence plaintiffs filed a demurrer to the evidence, which was overruled. Plaintiffs stood on their demurrer and bring this appeal.

This is the second appearance of this case in this court. (See *Morrison v. Bandt,* 145 Kan. 942, 67 P. 2d 584.) The former appeal

came up on rulings of the trial court on demurrer of the plaintiffs to answers of the defendants. The order of the trial court in overruling the demurrers was affirmed. In due course the case came on for trial in the district court. The case was tried to the court without a jury, with the result as above stated.

The action was to foreclose a real-estate mortgage upon an elevator at Phillipsburg. The mortgage was originally held by the First National Bank of that city. In June, 1931, the plaintiffs herein took up the indebtedness at the bank in the sum of $5,000, and the defendants, C. H. Bandt and Wilma Bandt, then executed to the plaintiffs the note and mortgage involved in the present action. The Bandts were further indebted to the bank, which indebtedness was secured by a second mortgage on the elevator. Separate answers were filed by the Bandts and the bank, each setting up the same defense—that the plaintiffs and C. H. Bandt had entered into an unlawful agreement to operate the grain elevator; that an arrangement had been made with the competing elevator at Phillipsburg to buy grain at fixed prices and without competition; that in order to secure the Bandt elevator and to have a place to operate in Phillipsburg the plaintiffs took up the five-thousand-dollar indebtedness due the bank; that because of such unlawful arrangement the plaintiffs were not entitled to recover in the action.

C. H. Bandt testified to the unlawful agreement as to the fixing of prices. Letters from the plaintiffs to C. H. Bandt were introduced which tended to show that such unlawful arrangement had been made and was being carried out. These letters are dated from June 17, 1931, until June 15, 1932. While it is not seriously contended that this testimony was not sufficient as against the demurrer, plaintiffs contend the contract in question was divisible. They assert the loan by plaintiffs to Bandt of $5,000 to take up the debt at the bank was a valid, lawful transaction; that the evidence wholly failed to show any wrongful or unlawful transaction in connection with the loan; that the letters and telegrams introduced in evidence tending to show an unlawful combination and agreement to buy grain at the elevator at fixed prices had to do with matters subsequent to the making of the loan in question; that if such subsequent transactions were illegal, proof of the agreement to make the loan did not depend on the illegal transaction.

The question whether an agreement charged to be in violation of the anti-monopoly statutes, or otherwise unlawful, was divisible was

examined, and the authorities reviewed upon the former appeal of this case. The evidence disclosed no state of facts materially different than alleged in the petition and considered in that appeal.

A bargain collaterally and remotely connected with an illegal purpose is not rendered illegal thereby if proof of the bargain can be made without relying on the illegal transaction. How close a bargain must be connected with an illegal purpose in order to make the bargain itself illegal is a question of degree. (Restatement, Contracts, section 597.)

In passing on a demurrer to the evidence, the court is required to view the evidence in the light most favorable to the party adducing it, and allow all reasonable inferences in favor of such party. (*Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820.) Mindful of this rule, after a careful examination of the evidence, it is clear the agreement for the loan represented by the note and mortgage sued on was tainted by the illegal purpose to fix prices.

The judgment is affirmed.