No. 34,416

THE STATE OF KANSAS, *Appellee,* v. CECIL FRAME, *Appellant.*

(95 P. 2d 278)

Opinion filed November 10, 1939.

*A. M. Fleming,* of Garden City, for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Hubert M. Voight,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: On March 8, 1937, the defendant, Cecil Frame, pleaded guilty to the charge of being an accessory after the fact of the commission of a felony. Upon application a parole was granted and sentence was deferred. Thereafter defendant reported to the court at each regular term until the regular 1939 March term. On the 27th day of March the court, being informed the defendant had violated his parole by committing petit larceny, revoked the parole and ordered the defendant be held for sentence on the next motion day, April 5, 1939. By agreement the cause was continued until April 7, 1939. On that date defendant, by his attorney, made an application for a second parole, which application was denied. The

court found the defendant guilty, "as charged in the information, of being an accessory after the fact of the commission of a felony," and thereupon sentenced him to the state prison. The appeal is from this judgment.

Defendant contends the parole granted on March 8, 1937, was for a term of two years, and the court could not, after the expiration of the parole, revoke the parole and hold the defendant for sentence. It was urged that as the judgment and sentence was not entered until after the expiration of the two-year time specified in the parole, defendant was entitled to a discharge by operation of law.

These contentions call for an examination of the proceedings of the court on April 7, 1939. The record shows:

"The Court: The order of parole filed in this case on the 9th day of March, 1937, purports to limit the parole to two years. In granting this parole the court did not make such an order, and when signing said order overlooked the fact that it so provided; that said order, so far as it limits the parole to two years, is erroneous and should be, and hereby is, corrected, by striking therefrom said limitation of two years."

Counsel for defendant then stated:

"Defendant objects to any change in the order, upon the ground and for the reason that under the provisions of section 62-2209, Revised [General] Statutes for 1935, he feels that he is entitled to a discharge because of the expiration of more than two years and the passing of the term of court after the expiration of the two-year period."

From this recital it appears that at the hearing on April 7, 1939, when the correction of the record was under consideration the defendant was represented by counsel. It was contended by counsel that defendant was entitled to a discharge because the two-year term as provided in the parole had expired. But it does not appear that counsel disputed the accuracy or expressed any doubt as to the truthfulness of the statement by the court that in granting the parole the court did not make an order limiting the period of the parole to two years, and that in signing the order it overlooked the fact that the two-year period was included.

We must therefore conclude that the order made by the court was in truth and in fact to make the record speak the truth. Did the court have the power to make the order striking the two-year provision from the parole? If so, the court had the right to revoke the parole and enter sentence on the original plea of guilty.

In *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530, this court said:

"A district court has the power to correct the entry of a judgment so as to cause it to speak the truth after the expiration of the term at which it was rendered, and upon the personal knowledge of the judge of what took place in the court at the time of its rendition." (Syl. ¶ 1.)

In *State v. Linderholm*, 90 Kan. 489, 492, 135 Pac. 564, it was stated:

"The duty of the clerk is to make a true record of the order or judgment of the court. If for any reason the record fail to speak the truth, the court at any time may make an order correcting the same. This has been often decided. (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; *Chemical Co. v. Morrison,* 76 Kan. 799, 803, 92 Pac. 1114; *Calhoun v. Anderson,* 78 Kan. 746, 747, 98 Pac. 274; *In re Hornung,* 81 Kan. 180, 184, 105 Pac. 23; *Plummer v. Ash,* 90 Kan. 40, 133 Pac. 157.)"

See, also, *Cazzell v. Cazzell,* 133 Kan. 766, 3 P. 2d 479; *Overlander v. Overlander,* 126 Kan. 429, 268 Pac. 828; *Morton v. Morton,* 149 Kan. 77, 86 P. 2d 480.

For a discussion of the power of a court to enter an order *nunc pro tunc* in a criminal case, see *In re Wright, Petitioner,* 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865.

A judgment is the final determination of the rights of the parties in an action. (G. S. 1935, 60-3101.) The judgment is the decision of the court. It may or may not be correctly spread of record in the journal entry. A judgment itself is beyond the power of the court to amend or correct after the expiration of the term of court at which it is rendered. See *Gaston v. Collins,* 146 Kan. 449, 72 P. 2d 84, and cases cited at page 455. It was there stated that ". . . it is clear that the probate court had no authority to alter the record after the term so as to make it recite a different judgment from the one it actually did pronounce theretofore."

If, however, the journal entry does not correctly show the judgment as rendered by the court—that is, if by clerical error or inadvertence the record does not speak the truth—then the court may, by *nunc pro tunc* order, correct the same. Such correction may be made after the expiration of the term at which the judgment was rendered. (*Christisen v. Bartlett,* supra; *Victory Life Ins. Co. v. Freeman,* 145 Kan. 296, 65 P. 2d 559.)

The defendant was charged with the crime of being an accessory after the fact of the commission of a felony. Under our statute, G. S. 1935, 21-106, the crime of being an accessory after the fact in such cases is punishable by confinement and hard labor in the

penitentiary. Under section 62-104, a felony is an offense punishable by death or confinement and hard labor in the penitentiary.

Our statute, G. S. 1935, 62-2203, gives the court power to parole a person convicted of the commission of certain felonies. Section 62-2205 specifies the terms and conditions of the bond to be given when the accused is paroled under section 62-2203.

Section 62-2209 provides:

"No person paroled under the provisions of section 2 (62-2202) of this act shall be granted an absolute discharge at an earlier period than six months after the date of his parole, nor shall such parole be continued for a longer period than two years from date of parole; but if he shall have been the second time paroled, the time shall be counted from the date of the second parole. No person paroled under the provision of section 5 (62-2205) of this act shall be granted an absolute discharge at an earlier period than two years from the date of his parole, nor shall such parole continue for a longer period than ten years: *Provided,* That if no absolute discharge shall be granted nor the parole terminated within the time in this section limited, it shall be the duty of the court, at the first regular term after the expiration of such time, to either grant an absolute discharge, or terminate the parole and order the judgment of sentence to be complied with, but if the court shall fail to take any action at such time, such failure to act shall operate as a discharge of the person paroled."

Under this section the parole period could not continue longer than ten years, but could be terminated before the expiration of the ten-year term limited in the statute. Under section 62-2214 the action of the court in terminating such parole is not subject to review by this court.

Under the *nunc pro tunc* order of April 7, 1939, the original judgment was corrected to eliminate the two-year period erroneously written therein. In the absence of a specified term in the order of parole, the duration of the parole was fixed by the statute. The court had the power to terminate the parole within the ten-year limitation. This was done. Accordingly, the judgment must be affirmed. It is so ordered.