No. 42,217

Roy Ramsey, *Appellant*, v. Tracy A. Hand, Warden Kansas State Penitentiary, *Appellee*.

(357 P. 2d 810)

Opinion filed December 10, 1960.

Roy Ramsey, *pro se*.

*J. Richard Foth*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This case involves the latest of a series of attempts made by Roy Ramsey in habeas corpus proceedings to obtain his release from the Kansas State Penitentiary, where he has been confined since October, 1948, under a judgment and decree of the district court of Crawford County, Kansas, sentencing him to a life term in that institution for the crime of murder in the first degree.

In explanation of our statement to the effect this is the latest of a series of attempts made by Ramsey to obtain his release from the

penitentiary by habeas corpus, and to the end it may be apparent how many opportunities have been afforded him in this court to present his contentions he is unlawfully restrained of his liberty under his present judgment and sentence because the records of the sentencing court disclose he was denied rights to equal protection and due process of law guaranteed him under the Kansas Constitution and the Fourteenth Amendment to the Constitution of the United States, we deem it both necessary and proper to refer, in chronological sequence, to judicial proceedings of record in which such contentions have been given consideration and attention.

Case No. 40,857, brought to this court in June, 1957, is reported in *Ramsey v. Hand*, 183 Kan. 307, 327 P. 2d 1080. In that case the petition charged and the respondent's answer denied that Ramsey was unlawfully restrained of his liberty under the judgment and sentence in question because of case records in the district court disclosing that he had been denied equal protection and due process of law under the Kansas statutes and the Fourteenth Amendment to the Constitution of the United States. After careful consideration of all issues raised and presented by the parties in such case the petitioner's contentions were rejected and it was held that he was not entitled to a writ directing his release from the penitentiary.

Case No. 41,409, a habeas corpus proceeding, reached this court in November, 1958, and is reported in *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225, *certiorari* denied, 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956. Throughout the proceedings in that case in this court petitioner was represented by reputable, capable and well-recognized attorneys who prepared his brief and appeared in his behalf when the cause was orally argued. The primary question presented was whether the district court which tried the petitioner on the first degree murder charge was without jurisdiction to accept his plea of guilty because of alleged failure on its part to find that appointment of counsel over petitioner's objection would not have been to his advantage. However it may be stated that other questions, relating to due process requirements of the Kansas Constitution and the Fourteenth Amendment to the Constitution of the United States, as well as the validity of a *nunc pro tunc* order made by the trial court, were raised in the briefs and given consideration by this court in reaching its decision that the record of

petitioner's trial in district court resulting in his judgment and sentence showed that his rights had been safeguarded as provided by law, disclosed no error or irregularity sufficient to vitiate his judgment and sentence, and required denial of his petition and application for a writ of habeas corpus directing his release from custody under such judgment and sentence.

Notwithstanding the decision last above mentioned the petitioner in this case instituted a third habeas corpus proceeding in the district court of Leavenworth County on May 12, 1960, alleging in substance in his petition that he was unlawfully and illegally deprived of his liberty under the judgment and sentence imposed against him by the district court of Crawford County because his rights to due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, had been violated by the *nunc pro tunc* order made by that court on February 22, 1958, and the manner in which it was entered. It should be noted at this point, that this same order was mentioned in 183 Kan. 307 and expressly approved in 185 Kan. 350.

Following the filing of the foregoing petition the warden of the Kansas State Penitentiary filed an answer in which he denied all claims made by the petitioner respecting the invalidity of his restraint and alleged that he was holding him in custody under a valid judgment and decree of the district court of Crawford County, sentencing him to a life term in the penitentiary for the crime of murder in the first degree.

With issues joined as related the cause was heard by the district court of Leavenworth County which, after full and complete consideration of all issues raised by the parties, found that petitioner was not deprived of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States in that he was denied due process of law by entry of the *nunc pro tunc* order in question; that he was not entitled to be discharged from the custody of the respondent, warden; that he was legally and lawfully in the warden's custody, and rendered judgment accordingly.

Thereupon petitioner gave notice of his appeal from the trial court's judgment and, having been granted the right on his application to proceed *in forma pauperis*, now brings such appeal to this court under specifications of error charging in substance that the trial court's action in denying his application for a writ of habeas corpus is erroneous because it erred in finding that his consti-

tutional rights to due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, were not violated by the order *nunc pro tunc* and the manner in which it was entered.

At the outset it should be stated, the facts and circumstances leading up to and resulting in petitioner's conviction and sentence in 1948, at a time when he was more than thirty-three years of age and made no claim of incompetency, are fully set forth and reported in our thoroughly considered and exhaustive opinion reported in *Ramsey v. Hand*, 185 Kan. 350. So are this court's reasons for there holding that the judgment and sentence under which petitioner was then in custody of the respondent was valid and, as against all claims then relied on by petitioner, afforded no sound ground for a writ of habeas corpus directing his release from the penitentiary. The factual statement, to which we have referred, further includes a full and complete recital of the proceedings had in the district court prior to petitioner's arraignment in the criminal action. It clearly appears from such portion of the statement that petitioner was fully advised as to his rights to counsel and thereafter voluntarily executed a written waiver and objection to the appointment of counsel to represent him. The same statement also details the proceedings had in that court when it entered a *nunc pro tunc* order correcting the journal entry to show that prior to arraignment it had made a specific finding that appointment of counsel over petitioner's objection would not be to his advantage and that such finding, through oversight or omission of the then county attorney, had been inadvertently omitted from the journal entry and overlooked by the trial judge at the time that instrument was signed by him. Indeed all the facts and circumstances, decisive of a decision in the instant case, appear in the opinion to which we have heretofore referred. Therefore, since nothing would be gained by repeating what already appears in our published reports, we make, by reference, all facts, statements and findings contained in the opinion of that case a part of this opinion, as fully and completely as if they were set forth at length herein. In addition, based on the facts and circumstances here involved, we reaffirm and again approve our decision in *Ramsey v. Hand*, 185 Kan. 350, where it is held:

"When any person about to be arraigned upon an indictment or information for an offense against the laws of this state is without counsel to conduct

his defense, it is *jurisdictional to the acceptance of a plea of guilty* by the trial court (*a*) that the trial court fully advise the accused of his rights to be represented by counsel; (*b*) that the accused be permitted to consult counsel of his own choosing if he desires to do so; and (*c*) if the accused is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, that the trial court appoint counsel to represent him, unless the accused states in writing that he does not want counsel to represent him and the court finds that the appointment of counsel over his objection will not be to his advantage; as provided in G. S. 1949, 62-1304.

"The primary rights of an accused to a trial, safeguarded as provided by G. S. 1949, 62-1304, must be disclosed by a record which shows such rights were safeguarded.

"Where an accused waives his right to be represented by counsel pursuant to the provisions of G. S. 1949, 62-1304, the finding of the trial court that the appointment of counsel over the objection of the accused will not be to his advantage need not be an *express* finding which the trial court state in the record of the trial proceedings. Such finding must, however, appear in the journal entry of the trial and judgment to show that such finding was in fact made.

"In a situation described in Syllabus ¶ 3, where the trial court did in fact make a finding that the appointment of counsel over the objection of the accused would not be to his advantage, after full compliance with the other jurisdictional provisions, but such finding does not appear in the transcript of the record or the original journal entry as filed, it is *held:* The correction of the journal entry *nunc pro tunc* by the trial court to show that such finding was actually made prior to the acceptance of a plea of guilty is proper.

"If the journal entry fails to accurately reflect what actually transpired in the conviction proceedings, it is the duty of the trial court to correct the journal entry *nunc pro tunc* in order that it might accurately reflect what actually transpired.

"When a motion for an order *nunc pro tunc* is pending, the trial judge's personal recollection of the facts and circumstances under which the judgment was rendered, and of the court's purpose and intention in rendering it, has the probative force of evidence bearing on the propriety of granting or denying the motion presented for determination.

"A *nunc pro tunc* entry of record is competent evidence of the facts which it recites. It is conclusive on any other court in which the record is offered in evidence, and it cannot be impeached collaterally." (Syl. ¶¶ 1 to 7, incl.)

In the interest of brevity questions presented by the petitioner as affording grounds for reversal of the judgment, denying the writ prayed for in the case now under consideration, will be considered in inverse order.

Appellant argues that the judgment and sentence imposed by the Crawford County district court is void by reason of that court's failure to comply with the provisions of G. S. 1949, 62-1304. That question, as has been heretofore demonstrated, was squarely passed

upon in *Ramsey v. Hand,* 185 Kan. 350, and decided contrary to appellant's position.

See, also, *Tafarella v. Hand,* 185 Kan. 613, 347 P. 2d 356, *certiorari* denied, 363 U. S. 807, 4 L. Ed. 2d 1150, 80 S. Ct. 1243, a companion case where due process was involved, to which we adhere.

Conceding that all questions now raised by him, so far as they relate to deprivation of his due process rights under the Kansas Constitution, have been heretofore determined contrary to his position and held to afford no sound legal basis for the granting of a writ directing his release from confinement under his presently existing judgment and sentence, appellant contends no issue respecting violation of those rights under the due process clause of the Federal Constitution have ever been heretofore raised by him or determined by this court. We have previously established that such issues were raised in *Ramsey v. Hand,* 183 Kan. 307, and *Ramsey v. Hand,* 185 Kan. 350. Moreover, we are of the view they were definitely determined by what was said and held in the decision last cited.

Notwithstanding what has just been stated, we are not averse to giving consideration to the constitutional questions now raised by appellant in connection with his heretofore referred to specifications of error. These can be considered together. In essence they are that the judge of the district court of Crawford County (who is conceded to have been one and the same person on all dates involved) violated rights guaranteed appellant under the due process clause of the Fourteenth Amendment to the Constitution of the United States when, (1) without adequate notice to appellant and (2) based on his personal recollection, such judge found that prior to appellant's arraignment for the crime of murder he had made a specific finding that the appointment of counsel over the appellant's written waiver and objection would not be to his advantage, which finding had been omitted from the journal entry through oversight; and then entered an order *nunc pro tunc* directing that the journal entry be corrected accordingly.

We are convinced the foregoing questions find their answer in *Tafarella v. Hand,* 185 Kan. 613, 347 P. 2d 356, where it is said:

"By way of supplementing what appears in the *Ramsey* case at pages 360 to 362, incl., and in further support of what is there said and held with respect to the power of the court to enter judgments, decrees and orders *nunc pro tunc,* it should be said that in this jurisdiction the hereinafter mentioned rules of law are well-established and must be followed.

"A judgment is one thing. The record of a judgment is a different thing, and what purports to be a record of a judgment may or may not be correct. (*Tincknell v. Tincknell,* 141 Kan. 873, 876, 44 P. 2d 212.) If not correct, the settled rule is that the trial court not only has the right but is under a duty to make the judgment rolls speak the truth. (*Morton v. Morton,* 149 Kan. 77, 81, 86 P. 2d 486; *Bush v. Bush,* 158 Kan. 760, 763, 150 P. 2d 168; *Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; *The State v. Linderholm,* 90 Kan. 489, 135 Pac. 564.) Such a right is inherent in the court and is not dependent for its existence upon any statute. (*Bush v. Bush,* supra, 760, 762; *Elliott v. Elliott,* 154 Kan. 145, 114 P. 2d 823.) No act of the parties, such as approval of an incorrect journal entry, can prevent the court from making such correction (*Christisen v. Bartlett,* supra, 401, 403) nor is such power lost by the lapse of time. (*Christisen v. Bartlett,* 73 Kan. 404, 85 Pac. 594 [rehearing]; *Hart v. Hart,* 98 Kan. 745, 746, 161 Pac. 585; *The State v. Linderholm,* supra, 489.) Hence such correction can be made at any time, notwithstanding the expiration of the term. (*Overlander v. Overlander,* 126 Kan. 429, 434, 268 Pac. 828; *State v. Frame,* 150 Kan. 646, 648, 95 P. 2d 278; *Elliott v. Elliott,* supra, 145; *Bush v. Bush,* supra, 760, 765). This power can be exercised on the court's own motion (*Christisen v. Bartlett,* supra, 404; *Morton v. Morton,* supra, 77), and it is therefore immaterial how the defect is brought to the court's attention. *Morton v. Morton,* supra, 77, 81). The correction may be made upon any satisfactory evidence and it is sufficient if it be based upon the personal knowledge and recollection of the judge. (*Hart v. Hart,* supra, 745, 746; *Tincknell v. Tincknell,* supra, 873, 877; *Christisen v. Bartlett,* supra, 401, 403; *Overlander v. Overlander,* supra, 429, 434; *Gates v. Gates,* 160 Kan. 428, 431 to 434, incl., 163 P. 2d 395.) The correction is to be made by *nunc pro tunc* order. (*State v. Frame,* supra, 646, 648; *Elliott v. Elliott,* supra, 145) not making an order now for then, but entering now for then an order which had been previously made. (*Bush v. Bush,* supra, 760, 763.) And the power to make the order may in the discretion of the court be exercised upon its own motion and without notice to the parties affected. (*Christisen v. Bartlett,* supra, 404.)" (pp. 617, 618.)

The foregoing rules and conclusions reached with respect thereto finds support in 18 U. S. C. A., Federal Rules of Criminal Procedure, Rule 36, which reads:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." (pp. 403, 404.)

See, also, 28 U. S. C. A., Federal Rules of Civil Procedure, Rule 60[a], page 121.

On the basis of what has been stated and held in this opinion, and in *Ramsey v. Hand,* 185 Kan. 350, which we repeat is to be considered as a part hereof, we are convinced this is a case where there is no sound ground on which appellant can predicate a meritorious

claim that his confinement in the penitentiary under his present judgment and sentence is due to any violation of fundamental rights guaranteed to him under the equal protection and due process provisions of either the Constitution of this State or the Constitution of the United States, and we are cited to, and know of, no decisions which warrant a contrary conclusion under the controlling facts and circumstances. Therefore, without further laboring this opinion, we hold that the action of the district court of Leavenworth County in denying the writ sought by the appellant was proper and its judgment must be affirmed.

It is so ordered.