Roy RAMSEY, Appellant,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 7093.

United States Court of Appeals Tenth Circuit.

Nov. 29, 1962.

Roy Cook, Kansas City, Kan., for appellant.

Park McGee, Asst. Atty. Gen., Topeka, Kan. (William M. Ferguson, Atty. Gen., Topeka, Kan., with him on the brief), for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges.

PER CURIAM.

The petitioner, Ramsey, brought this habeas corpus proceeding seeking his release from the Kansas State Penitentiary where he is serving a life sentence for murder. He alleges that the sentence is void because the sentencing court did not, after his waiver of right to counsel, and before accepting his plea of guilty to the offense charged, make a finding that the appointment of counsel would not be to his advantage, as required by Kan.Gen.Stat.1949, § 62–1304.[1] It is contended that the court, having failed to make the statutory finding, was without jurisdiction to pass sentence on the plea of guilty. The State of Kansas moved to dismiss the petition for the reason that it presented no new ground for relief which had not been theretofore presented and determined in prior habeas corpus petitions in the same court.

The pleadings in the former habeas corpus proceedings instituted by Ramsey are not in the record, but, after hearing the arguments of counsel, the trial court which heard the former petitions found that "the contentions made by the Petitioner herein have been twice adjudicated in this court," discharged the writ, and remanded the petitioner to the custody of the warden. The trial court permitted the petitioner to appeal in forma pauperis, but did not issue a certificate of probable cause. Title 28 U.S.C.A. § 2253 provides in part:

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

The statutory certificate of probable cause is a jurisdictional prerequisite to appeals from final orders in habeas corpus proceedings instituted to obtain the release of a state prisoner. E. g., Hicks v. People of the State of Michigan, 6 Cir., 281 F.2d 645; Gay v. Graham, 10 Cir., 269 F.2d 482; Harris v. Ellis, 5 Cir., 204 F.2d 685; Berman v. Swenson, 3 Cir., 177 F.2d 717, cert. denied 338 U.S. 944, 70 S.Ct. 425, 94 L.Ed. 582. Cf. Gebhart v. Amrine, 10 Cir., 117 F.2d 995.

If we should treat this appeal as an application for a certificate of probable cause, as in Gay v. Graham, supra it must be denied because there is no substantial question as to the correct-

---

1. Kan.Gen.Stat.1949, § 62–1304, provides in part as follows:

"If any person about to be arraigned upon an indictment or information for any offense against the laws of this state be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel, and to give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. If he does ask to consult counsel of his own choosing, the court shall permit him to do so, if such counsel is within the territorial jurisdiction of the court. If he is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him, unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage. * * *"

ness of the trial court's decision. The petitioner twice presented this same question to the Supreme Court of Kansas which, on both occasions, held that the statutory requirements had been complied with and approved the sentence. Ramsey v. Hand, 185 Kan. 350, 343 P.2d 225, cert. denied 362 U.S. 970, 80 S.Ct. 956, 4 L.Ed.2d 901; Ramsey v. Hand, 187 Kan. 502, 357 P.2d 810, cert. denied 365 U.S. 872, 81 S.Ct. 909, 5 L.Ed.2d 863.

■ Habeas corpus by a state prisoner is allowed in federal courts only when the prisoner has been denied fundamental rights secured by the Federal Constitution. 28 U.S.C.A. § 2241; Brown v. Allen, 344 U.S. 443, 485, 73 S.Ct. 397, 97 L.Ed. 469; House v. Mayo, 324 U.S. 42, 46, 65 S.Ct. 517, 89 L.Ed. 739. The issue of the invasion of such rights may be reexamined by the federal courts even after the trial has been reviewed by a state court, and certiorari denied by the Supreme Court of the United States. Brown v. Allen, supra, 344 U.S. at 459, 73 S.Ct. at 408; Darr v. Burford, 339 U.S. 200, 215, 70 S.Ct. 587, 94 L.Ed. 761. A federal district court may, however, refuse habeas corpus if it is satisfied from the record that the state courts have given fair consideration to the issues, have reached a satisfactory result, and have protected the petitioner's rights under the Federal Constitution. Brown v. Allen, supra, 344 U.S. at 463, 73 S.Ct. at 410. The only issue presented by the application here is whether, prior to passing sentence upon the petitioner, the Kansas court complied with the Kansas statute. In construing the statute in question the Kansas Supreme Court on two occasions gave careful consideration to the contentions of the petitioner, and found them without merit. We find no allegations which lead to the conclusion that the actions of the Kansas courts deprived the petitioner of any fundamental right. We therefore hold that this is not an appropriate case for the issuance of a certificate of probable cause.

Appeal dismissed.